JOLLIFF v AMERICAN ADVERTISING DISTRIBUTORS, INC

1. WORKMEN'S COMPENSATION—MINIMUM COMPENSATION—ADJUST-
   MENT.

   Minimum compensation rates established by the Workmen's
   Compensation Act of 1969 are adjustable once each year in
   accordance with the increase or decrease in the average weekly
   wage in the covered employment as determined by the Michi-
   gan Employment Security Commission (MCLA 418.351,
   418.355).

2. WORKMEN'S COMPENSATION—MEDICAL EXPENSES—REIMBURSEMENT.

   The Workmen's Compensation Appeal Board may order reim-
   bursement of medical expenses to an injured employee only if
   they were actually incurred by the employee, or, if they were
   incurred by another on his behalf, then the board may order
   reimbursement only if the amount of the expenses is "owing"
   to that other; if the party who incurred such expenses retains
   any sort of contingent right to be reimbursed by the employee,
   then the board may order reimbursement according to such
   right (MCLA 412.4).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 April 5, 1973, at
Detroit. (Docket No. 14046.) Decided August 28,
1973. Leave to appeal applied for.

LeRoy F. Jolliff presented his claim for work-
men's compensation against American Advertising
Distributors, Inc., Fidelity and Casualty Company,
and the Michigan Second Injury Fund. Benefits
granted. The Workmen's Compensation Appeal
Board modified the referee's decision. Defendants
American Advertising Distributors, Inc., and Fidel-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 396 et seq.
[2] 58 Am Jur, Workmen's Compensation § 327 et seq.

ity and Casualty Company appeal by leave granted. Affirmed in part and remanded with instructions.

*Kelman, Loria, Downing & Schneider* (by *Rodger G. Will)*, for plaintiff.

*Robert D. Thompson,* for defendants American Advertising Distributors, Inc., and Fidelity and Casualty Company.

Before: V. J. Brennan, P. J., and Danhof and Bashara, JJ.

V. J. Brennan, P. J. Plaintiff, LeRoy F. Jolliff, an employee of the defendant American Advertising Distributors, Inc, suffered frostbite of both hands on January 8, 1970, while distributing advertising circulars from door to door. Defendant employer appeals, by leave granted, from an adverse decision of the Workmen's Compensation Appeal Board.

Defendant argues first that the appeal board erred by awarding compensation in excess of the minimum amount provided by statute. The statute establishing the relevant minimum amount of compensation provides, in pertinent part, that, "[w]eekly payments shall not be less than $27.00 if there are no dependents * * * except as provided in section 355". MCLA 418.351; MSA 17.237(351). The appeal board had applied the formula from MCLA 418.355; MSA 17.237(355) in adjusting upward the minimum compensation. That statute provides:

"(1) The maximum weekly rate in each dependency classification in this act shall be adjusted once each year in accordance with the increase or decrease in the average weekly wage in covered employment, as deter-

mined by the employment security commission. The average weekly wage in covered employment determined by the employment security commission for the year ending June 30, 1967, shall be the base on which such adjustments are made.

"(2) A second adjustment, if any, shall be made on January 1, 1970 and shall reflect the change, if any, between the average weekly wage for June 30, 1969 and the average weekly wage for June 30, 1968 and the adjustment shall be made in like manner on each January 1 thereafter, utilizing the average weekly wage for the preceding June 30.

"(3) Adjustment for the statutory maximum rate shall be made only if there has been an increase or decrease in the average weekly wage of at least $1.50 during the preceding year, applied to the June 30, 1967, base and the director shall announce the adjustment each December 1, to become effective the following January 1. If in any year the change is less than $1.50, the director shall announce no change for the following year but the amount of change in such year shall be carried forward and added to or subtracted from subsequent annual determinations until the total change shall be at least $1.50, in which year an adjustment shall be made. There shall be an adjustment made of $1.00 in the maximum rates for each $1.50 increase or decrease in the average weekly wage. The maximum weekly rate as so determined for the year in which the date of injury occurred shall remain fixed without further change as to the personal injury occurring within such year."

As one may note, and as the defendant strenuously insists, the latter statute continuously and exclusively refers to adjustment of the *maximum* benefit only. However, the former statute, in establishing the minimum rates of compensation, makes specific reference to the latter statute.

Thus, from the face of the statutes involved, we have two contradictory indications of legislative intent. On the one hand, the statute which estab-

lishes a minimum level of compensation in each dependency category states that such minimum is subject to the provisions of the latter statute, which provides for adjustment of benefit levels. However, in providing for the adjustment of such levels, the latter statute speaks only of the adjustment of the "maximum" level. We believe the construction of the act which is most consistent with its "humanitarian objectives and beneficent purposes"[1] is that given it by the board. We hold that the minimum compensation rates established by MCLA 418.351; MSA 17.237(351) are adjustable according to the provisions of MCLA 418.355; MSA 17.237(355) and accordingly affirm the determination of the Workmen's Compensation Appeal Board.

Defendant employer also objects to the board's award of certain medical expenses to plaintiff employee. The record before us is somewhat vague as to precisely who bore the expenses. The employee's testimony indicates that "medicare" paid for those expenses. Yet, in its brief, the defendant indicates that it paid the amount of such expenses to the plaintiff subject to an agreement that the plaintiff disburse the funds to those who actually supplied the services. In awarding these expenses, the board, through member Storie, said:

"It takes unabashed effrontery to turn an employee away from needed medical treatments when his hands are rotting away with gangrene and force him to seek medical care from sources paid for by the general taxpayers as was knowingly done here, and then urge that the employee did not himself incur the medical expenses, therefore the Referee was in error to order the employer and his insurer to reimburse plaintiff for the expenses incurred so he could in turn reimburse

---

[1] *Hite v Evart Products Co,* 34 Mich App 247, 252; 191 NW2d 136, 138 (1971).

those who did incur the expenses. Fortunately, this question has been answered by a higher authority than this Appeal Board. The question presented finds answer in the claim of *McDaniel v Campbell, Wyant & Cannon Foundry,* 367 Mich 356; 116 NW2d 835 (1962). The Referee correctly ordered defendant to reimburse plaintiff the medical and surgical expenses which were incurred on his behalf after the employer failed, neglected or refused to do so."

In *McDaniel,* relied upon by the board, our Supreme Court had held that the fact that an employee did not incur medical expenses himself did not preclude his reimbursement therefor. At that time, the relevant statute provided:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of this state as legal, when they are needed. * * * If the employer shall fail, neglect or refuse so to do such employee shall be reimbursed for the reasonable expense incurred by or on his behalf in providing the same, by an award of the commission." MCLA 412.4; MSA 17.154.

While we are quite sympathetic to the board's position, both on equitable and policy grounds, it would, however, appear that the Legislature disapproved of the Supreme Court's holding in *McDaniel.* In 1963 the applicable statute was amended (by 1963 PA 199) and now reads, in pertinent part, as follows:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of

this state as legal, when they are needed. * * * If the employer shall fail, neglect or refuse so to do, *such employee shall be reimbursed for the reasonable expense paid by him, or payment may be made in behalf of such employee to persons to whom such unpaid expenses may be owing,* by an award of the commission." MCLA 412.4; MSA 17.154. (Emphasis added.)

In view of this amendment, it would appear that *McDaniel* no longer represents the law of the state. The board may only order reimbursement of medical expenses if they were actually incurred by the employee; or, if they were incurred by another on his behalf, then the board may only order reimbursement if the amount of the expenses are "owing" to such third party. If the party who incurred such expenses retains any sort of contingent right to be reimbursed by the employee, then the board may order reimbursement. On the record before us, we are not able to determine the precise status of these medical debts. We therefore remand to the Workmen's Compensation Appeal Board for further proceedings not inconsistent with this opinion.

Defendant employer's final argument, that the decision of the board is not supported by the evidence on the record, is devoid of merit.

Affirmed in part, remanded for further proceedings not inconsistent with this opinion. Costs to plaintiff-appellee.

All concurred.