RILEY v NORTHLAND GERIATRIC CENTER

Docket No. 75937. Submitted August 22, 1984, at Detroit.—Decided
January 2, 1985. Leave to appeal applied for.

Geneva Riley was awarded workers' compensation benefits as the
result of injuries received in the course of her employment at
Northland Geriatric Center. Here benefits were ordered to be
adjusted annually, based on the Court of Appeals decision in
*Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1
(1973). Shortly thereafter the Supreme Court decided the case
of *Gusler v Fairview Tubular Products,* 412 Mich 270 (1981), in
which *Jolliff* was specifically overruled. Rehearing was granted
in *Gusler,* but before the Supreme Court took any action on the
rehearing the appeal was dismissed by stipulation of the par-
ties. Prior to that dismissal defendants, Northland Geriatric
Center and its insurer Michigan Mutual Insurance Company,
petitioned for a reduction in plaintiff's benefits in conformity
with the *Gusler* opinion. The reduction was granted by the
hearing officer but the Workers' Compensation Appeal Board
reversed and reinstated plaintiff's original award. The board
also raised the interest on plaintiff's award to 12 percent per
annum. Defendants appealed by leave granted. *Held:*

1. An order or judgment of the Supreme Court pursuant to
an opinion does not become effective, and is of no precedential
value, until it has been "issued" pursuant to court rule. Where
a motion for rehearing is timely filed the judgment does not
issue until after a decision on the motion and, if granted, until
after filing of the opinion on rehearing. Here, because the
appeal in *Gusler* was dismissed prior to a decision on rehear-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts §§ 189, 231, 233.
    46 Am Jur 2d, Judgments §§ 161-165, 171, 178.
    What constitutes "entry of judgment" within meaning of Rule 58 of
        Federal Rules of Civil Procedure, as amended in 1963. 10 ALR
        Fed 709.
[2] 5 Am Jur 2d, Appeal and Error § 916 *et seq.*
    46 Am Jur 2d, Judgments § 492.
[3] 82 Am Jur 2d, Workmen's Compensation § 591 *et seq.*
[4] 45 Am Jur 2d, Interest and Usury § 10.
    82 Am Jur 2d, Workmen's Compensation § 579.

ing, no judgment issued in *Gusler.* That opinion, therefore, never became effective and is without precedential effect.

2. Because defendants' petition for redetermination of rights was based solely upon the holding in *Gusler,* and did not plead any other facts which would warrant a reduction in plaintiff's benefits, it must be denied. Any relitigation on the issue of plaintiff's eligibility for benefits is precluded by res judicata.

3. The award of 12 percent interest on benefits due but not yet paid was proper.

Affirmed.

1. JUDGMENTS — SUPREME COURT JUDGMENTS — EFFECTIVE DATE OF JUDGMENT — CASE PRECEDENT.

An order or judgment pursuant to an opinion of the Supreme Court does not become effective, and is therefore of no precedential value, until it is "issued" in conformity with the court rules (GCR 1963, 866.3[d]).

2. JUDGMENTS — SUPREME COURT JUDGMENTS — EFFECTIVE DATE OF JUDGMENT — CASE PRECEDENT.

An order or judgment entered by the Supreme Court clerk pursuant to an opinion does not "issue" or become effective where a timely motion for rehearing is filed until after the motion is denied or, if granted, after the filing of the Court's opinion on rehearing; thus, an opinion of the Supreme Court did not "issue" and is without precedential effect where a timely motion for rehearing was granted and the appeal was thereafter dismissed by the Supreme Court upon stipulation of the parties (GCR 1963, 864.4, 866.3).

3. WORKERS' COMPENSATION — PETITION FOR REDETERMINATION.

A petition for redetermination of workers' compensation benefits must be denied where the petition does not plead a change in the injured worker's physical condition or any other facts which would support the change sought.

4. WORKERS' COMPENSATION — INTEREST.

Interest on workers' compensation benefit payments past due but not yet paid after January 1, 1982, is at the rate of 12 percent per annum (MCL 418.801; MSA 17.237[801]).

*Bockoff & Zamler, P.C.* (by *Daryl Royal),* for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski),* for defendants.

Before: Shepherd, P.J., and MacKenzie and P. Nicolich,* JJ.

MacKenzie, J. On July 15, 1980, plaintiff filed a petition for workers' compensation benefits as a result of back injuries sustained while employed by defendant Northland Geriatric Center. In an opinion dated October 6, 1981, a hearing officer for the Bureau of Workers' Disability Compensation determined that plaintiff was entitled to receive compensation benefits as her injury arose out of and in the course of her employment.

Pursuant to this Court's decision in *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), which held that the minimum benefit rates established by MCL 418.351(1); MSA 17.237(351)(1) were to be adjusted annually with reference to the state average weekly wage in accordance with MCL 418.355; MSA 17.237(355), the hearing officer ordered that plaintiff be paid $119 per week based on her average weekly wage of $130.80 with no dependents. As neither party appealed this decision, it became final on October 21, 1981.

Approximately six weeks later, on December 30, 1981, the Michigan Supreme Court decided *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981). The *Gusler* opinion specifically overruled *Jolliff, supra,* by holding that the annual adjustment provision in MCL 418.355; MSA 17.237(355) applied only to maximum benefit levels, not minimum levels. Plaintiff in that case timely filed a motion for rehearing on January 19, 1982, which was granted by the Supreme Court August 16, 1982. Before any action was taken on the rehearing, however, the Court dismissed the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeal on March 15, 1983, pursuant to a stipulation of the parties. *Gusler v Fairview Tubular Products,* 414 Mich 1102 (1982).

On January 12, 1983, defendants here filed a petition for determination of rights urging that, in conformity with the holding in *Gusler, supra,* plaintiff's weekly benefits should be reduced to $87.20 (2/3 times $130.80). See MCL 418.351; MSA 17.237(351) prior to its amendment by 1980 PA 357, effective January 1, 1982. A hearing officer agreed and on May 26, 1983, ordered that further payments to plaintiff be reduced accordingly. Plaintiff was not obligated, however, to repay any sums already received.

Plaintiff appealed this reduction to the Workers' Compensation Appeal Board, which, in an opinion dated December 8, 1983, reversed the hearing officer and reinstated plaintiff's original award. The board further ordered that the interest payable on plaintiff's award be raised from 5 percent to 12 percent per annum. This Court granted defendants' application for leave to appeal.

We must first decide whether *Gusler, supra,* is binding precedent on this Court in light of the subsequent grant of rehearing followed by dismissal of the appeal pursuant to stipulation of the parties. If binding precedent, this Court is bound by *stare decisis* to follow its holding that minimum rates are not adjustable under § 355. *Negri v Slotkin,* 397 Mich 105; 244 NW2d 98 (1976); *Schwartz v City of Flint (After Remand),* 120 Mich App 449, 462; 329 NW2d 26 (1982).

We find GCR 1963, 866 to be dispositive of this situation. GCR 1963, 866.3(a) provides as follows:

"Entry. The clerk shall enter an order or judgment pursuant to an opinion as of the date the opinion is filed with him".

*Gusler* was filed and entered on December 30, 1981. The "entry" of an order or judgment, however, is not the same as the date of its "issuance". GCR 1963, 866.3(d) provides:

"Execution or Enforcement. Unless otherwise ordered by the Court, an order or judgment is effective when it is issued under (b)(1), (b)(2), or (c) and execution is to be obtained in the trial court".

An order or judgment does not become effective, and is therefore of no precedential value, until it is "issued" in conformity with either subsection (b) or (c). *People v Phillips,* 416 Mich 63, 74; 330 NW2d 366 (1982). Compare *People v Recorder's Court Judge #2,* 73 Mich App 156, 160; 250 NW2d 812 (1977), *lv den* 400 Mich 825 (1977), and *People v Draine,* 72 Mich App 592, 596; 250 NW2d 139 (1976), *lv den* 401 Mich 824 (1977), both decided prior to the 1978 amendment to GCR 1963, 866.

Under the provision for routine issuance of an order or judgment, 866.3(b), the clerk must send certified copies of the Supreme Court's order or judgment to both the trial court and the Court of Appeals no less than 20 days or more than 30 days after the order or judgment was entered. Under (b)(2), however, if a motion for rehearing is timely filed, the clerk does not send certified copies of the order or judgment until after the motion for rehearing is denied, or, if granted, until at least 20 days after the filing of the Court's opinion on rehearing. GCR 1963, 864.4(b). In other words, if a motion for rehearing is timely filed, the order or judgment previously entered by the clerk does not "issue" or become effective until after the motion is decided one way or the other. Here, as a motion for rehearing was filed within 20 days of the filing or "entry" of the Supreme Court's *Gusler* opinion,

GCR 1963, 864.4(a), and as the motion was subsequently granted, the *Gusler* opinion was never "issued" in conformity with the court rules.

The subsequent dismissal of the appeal by the Court upon stipulation of the parties does not somehow work to "issue" the Court's order or judgment. Nor is this a case of "exceptional issuance" otherwise ordered by the Court under subsection (c). Compare, *e.g., Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 403 Mich 215, 233; 268 NW2d 240 (1978), and *Poletown Neighborhood Council v City of Detroit,* 410 Mich 616, 636; 304 NW2d 455 (1981), with *Gusler, supra,* p 298. The Supreme Court's holding in *Gusler,* therefore, is without binding precedential effect. In accord, see *Phillips, supra,* p 75.

Since *Gusler, supra,* is of no effect, we must view defendants' petition for determination of rights as though *Gusler* was never decided. As defendants' petition does not plead a change in plaintiff's physical condition, *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375-376; 224 NW2d 856 (1975) (quoting 58 Am Jur, Workmen's Compensation, § 508) or any other facts which would warrant a reduction in plaintiff's benefits, see, *e.g.,* MCL 418.354; MSA 17.237(354), but instead bases its sole claim exclusively on the holding of *Gusler,* it is clear that the petition must be denied. Without the benefit of *Gusler,* heretofore declared a nullity, defendants' petition states no new cause of action. Any relitigation on the issue of plaintiff's eligibility for compensation benefits, an issue previously decided in plaintiff's favor by a hearing officer after a hearing on the merits and subsequently made final by the failure of either party to appeal, is precluded by the doctrine of res judicata. *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745, 747-

748; 321 NW2d 798 (1982); *Braxton v Litchalk,* 55 Mich App 708, 713-714, 717-718; 223 NW2d 316 (1974). See *Hlady, supra,* p 375.

The last issue is whether the Workers' Compensation Appeal Board erred by awarding plaintiff interest on benefits past due but not yet paid at the rate of 12 percent as opposed to 5 percent, the prevailing rate prior to the amendment of MCL 418.801; MSA 17.237(801) by 1981 PA 194, effective January 1, 1982. As the reduction of plaintiff's weekly benefits took effect after January 1, 1982, the rate of 12 percent applied by the appeal board to benefits due plaintiff but not yet paid was appropriate. *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984), *on resubmission* 419 Mich 32; 348 NW2d 652 (1984).

Affirmed. No costs.