RILEY v NORTHLAND GERIATRIC CENTER (ON REMAND)

Docket No. 94913. Submitted October 14, 1986, at Lansing. Decided June 1, 1987. Leave to appeal applied for.

Geneva Riley was awarded workers' compensation benefits for injuries arising out of and in the course of her employment with Northland Geriatric Center, and minimum weekly benefits were paid with the provision that they be adjusted annually pursuant to *Joliff v American Advertising Distributors, Inc,* 49 Mich App (1973). Following a decision by the Supreme Court in *Gusler v Fairview Tubular Products,* 412 Mich 270 (1981), that the annual adjustment provision of the Workers' Disability Compensation Act, MCL 418.355; MSA 17.237(355), applied only to maximum benefits, a hearing referee reduced the plaintiff's benefits. The Workers' Compensation Appeal Board reversed, concluding that the doctrine of res judicata barred the reduction. On appeal by defendants, Northland Geriatric Center and Michigan Mutual Insurance Company, the Court of Appeals affirmed, holding that *Gusler* was not precedent because rehearing was granted in that case and the case was subsequently dismissed by stipulation of the parties, rendering the decision a nullity. 140 Mich App 72 (1985). The Supreme Court reversed and remanded for consideration in light of its holding that *Gusler* is binding precedent. 425 Mich 668 (1986).

The Court of Appeals *held:*

1. The doctrine of res judicata precludes the subsequent relitigation of an issue in workers' compensation proceedings even if there is a change in the law in the intervening period unless there is an accompanying change in the claimant's physical condition.

2. *Gusler* applies to all cases commenced after December 30, 1981, and to those cases pending in the Bureau of Workers' Disability Compensation, the Workers' Compensation Appeal Board, or an appellate court on December 30, 1981, in which

REFERENCES

Am Jur 2d, Judgments §§ 394, 395, 415, 443, 444.

Am Jur 2d, Workmen's Compensation §§ 584, 609.

Comment Note.—Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

the issue of MCL 418.355; MSA 17.237(355) reductions was raised.

Affirmed.

WORKERS' COMPENSATION — RES JUDICATA.

The doctrine of res judicata precludes the subsequent relitigation of an issue in workers' compensation proceedings even if there is a change in the law in the intervening period unless there is also an accompanying change in the claimant's physical condition.

*Bockoff & Zamler, P.C.* (by *Daryl Royal*), for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for defendants.

### ON REMAND

Before: DANHOF, C.J., and MACKENZIE and SHEPHERD, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court in *Riley v Northland Geriatric Center,* 425 Mich 668; 391 NW2d 331 (1986), reversing 140 Mich App 72; 362 NW2d 894 (1985).

The history of the case was summarized in our earlier opinion:

On July 15, 1980, plaintiff filed a petition for workers' compensation benefits as a result of back injuries sustained while employed by defendant Northland Geriatric Center. In an opinion dated October 6, 1981, a hearing officer for the Bureau of Workers' Disability Compensation determined that plaintiff was entitled to receive compensation benefits as her injury arose out of and in the course of her employment.

Pursuant to this Court's decision in *Jolliff v American Advertising Distributors, Inc,* 49 Mich

App 1; 211 NW2d 260 (1973), which held that the minimum benefit rates established by MCL 418.351(1); MSA 17.237(351)(1) were to be adjusted annually with reference to the state average weekly wage in accordance with MCL 418.355; MSA 17.237(355), the hearing officer ordered that plaintiff be paid $119 per week based on her average weekly wage of $130.80 with no dependents. As neither party appealed this decision, it became final on October 21, 1981.

Approximately six weeks later, on December 30, 1981, the Michigan Supreme Court decided *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981). The *Gusler* opinion specifically overruled *Jolliff, supra,* by holding that the annual adjustment provision in MCL 418.355; MSA 17.237(355) applied only to maximum benefit levels, not minimum levels. Plaintiff in that case timely filed a motion for rehearing on January 19, 1982, which was granted by the Supreme Court August 16, 1982. Before any action was taken on the rehearing, however, the Court dismissed the appeal on March 15, 1983, pursuant to a stipulation of the parties. *Gusler v Fairview Tubular Products,* 414 Mich 1102 (1982).

On January 12, 1983, defendants here filed a petition for determination of rights urging that, in conformity with the holding in *Gusler, supra,* plaintiff's weekly benefits should be reduced to $87.20 (⅔ times $130.80). See MCL 418.351; MSA 17.237(351) prior to its amendment by 1980 PA 357, effective January 1, 1982. A hearing officer agreed and on May 26, 1983, ordered that further payments to plaintiff be reduced accordingly. Plaintiff was not obligated, however, to repay any sums already received.

Plaintiff appealed this reduction to the Workers' Compensation Appeal Board, which, in an opinion dated December 8, 1983, reversed the hearing officer and reinstated plaintiff's original award. The board further ordered that the interest payable on plaintiff's award be raised from 5 percent to 12 percent per annum. This Court granted

defendants' application for leave to appeal. [140 Mich App 74-75.]

In our previous opinion, we held that *Gusler* was without precedential effect because no order or judgment pursuant to that decision issued, and accordingly affirmed the opinion of the WCAB. 140 Mich App 77. The Supreme Court reversed (LEVIN, J., writing separately), but declined to rule on the question of "whether the defendant is [sic] barred by principles of res judicata from asserting a change in the law, and whether *Gusler* should be given retroactive effect." 425 Mich 671. We again affirm the opinion of the WCAB.

A broad rule of res judicata applies in workers' compensation cases. Res judicata bars relitigation of questions litigated in a first proceeding as well as those claims arising out of the same transaction which the claimant could have brought in the first proceeding, but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980); *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975). A disability determination in compensation proceedings is not an adjudication as to a claimant's *future* condition and does not preclude a new claim, provided the new claim is based on a showing that the claimant's physical condition has changed. *Gose v Monroe Auto Equipment, supra.* However, a change in law is not such a change in condition or status that avoids the res judicata bar. *Hlady v Wolverine Bolt Co, supra.*

In *Hlady,* the claimant suffered the amputation loss of four fingers on her right hand. She received specific loss benefits for those four fingers. In 1948, she was denied benefits for loss of the industrial use of that hand under case law that then denied further compensation after specific losses that were no different or greater than normally result

from the loss of the specific member or members. *Hlady v Wolverine Bolt Co,* 325 Mich 23; 37 NW2d 576 (1949). In 1957, the Supreme Court decided a case which removed the bar on further compensation after specific loss benefits. *Van Dorpel v Haven-Busch Co,* 350 Mich 135; 85 NW2d 97 (1957). In 1967, Hlady filed another claim for benefits, neither alleging nor showing an actual change in her physical condition, but relying solely on the *Van Dorpel* decision. The *Hlady* Court held that the mere change in law, without an actual change in Hlady's physical condition, did not justify her new claim.

In *Hlady,* it was the claimant who sought relief predicated upon a change of law. In *Selk v Detroit Plastic Products,* 120 Mich App 135; 328 NW2d 15 (1982), aff'd 419 Mich 1; 345 NW2d 184 (1984), this Court ruled that an employer is also barred from seeking relief based upon a change of law absent a change in condition. There, the plaintiff was originally awarded total and permanent disability benefits for incurable insanity when such claims were governed by the definition stated in *Sprute v Herlihy Mid-Continent Co,* 32 Mich App 574; 189 NW2d 89 (1971). The Supreme Court subsequently changed the legal definition of incurable insanity in *Redfern v Sparks-Withington Co,* 403 Mich 63; 268 NW2d 28 (1978). The employer contended that it was entitled to relief from the original award due to the change in law. Relying on *Hlady v Wolverine Bolt Co, supra,* this Court applied principles of res judicata and refused to reconsider the plaintiff's incurable insanity under the new judicial definition. Writing for this Court, Chief Judge DANHOF said:

In *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975), the Supreme Court ruled that

the principles of res judicata preclude the subsequent relitigation of an issue in the context of a workers' compensation action even if there is a change in the law in the intervening period unless there is also an accompanying change in plaintiff's physical or mental condition. That decision was reaffirmed by the Court's decision in *Gose v Monroe Auto Equipment Co, supra,* p 161. Also, as noted earlier, the Court in *Ferns [v Russ Graham Shell Service,* 413 Mich 550; 321 NW2d 380 (1982)], held that defendant's failure to establish a change in plaintiff's "condition" following the expiration of the 800-week period precludes the board from ordering that plaintiff's benefits be terminated.

Therefore, we find it unnecessary to determine whether the *Redfern* test or the *Sprute* test would have applied if defendants had shown that plaintiff's condition changed between 1973 and the date the board entered its decision. Since no change of condition was shown, the intervening change in the law could not be advanced as a ground to defeat plaintiff's claim. The principles of res judicata bar defendants from relitigating this issue. The board's decision is affirmed. [120 Mich App 152.]

Defendants' attempts to distinguish *Hlady* notwithstanding, we are satisfied that *Hlady* and *Selk* control the instant case. Defendants, like the employer in *Gusler*, were free during the 1980-81 proceedings in this case to argue that *Jolliff* was incorrectly decided. They did not do so, instead allowing plaintiff's award, with increased payments, to become final without taking an appeal. The only reason for defendants' return to the Bureau of Workers' Disability Compensation was the new rule of *Gusler*. At that point, however, defendants were in the same position as Mrs. Hlady and the employer in *Selk*—they had come back after plaintiff's award to try to take advantage of an intervening change in law. Just as in

*Hlady* and *Selk*, where the attempts were precluded, we believe that these defendants may not seek a relitigation of the amount of plaintiff's compensation benefits under the change of law represented by *Gusler*.

The *Gusler* opinion was explicit that that decision was to apply from the date of the opinion, December 30, 1981, to payments to be made and awards to be entered after that date. The Court stated:

> In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling. [412 Mich 298.]

We believe that when our opinion today is read with the above-quoted language of *Gusler*, the net effect is that *Gusler* will apply to all cases commenced after December 30, 1981, the date that opinion was issued, and to those cases pending in the Bureau of Workers' Disability Compensation, the WCAB, or an appellate court on December 30, 1981, in which the issue of § 355 reductions was raised. This result is consistent with the Supreme Court's most recent decisions discussing limited retroactivity. See *Hyde v University of Michigan Bd of Regents,* 426 Mich 223, 238-239; 393 NW2d 847 (1986); *DiFranco v Pickard,* 427 Mich 32, 75; 398 NW2d 896 (1986). Defendants' petition for redetermination of rights falls into none of these categories.

Affirmed.