## JUNCAJ v C & H INDUSTRIES

Docket No. 95587. Submitted June 18, 1987, at Detroit. Decided July
21, 1987. Leave to appeal applied for.

In 1975, Ljena Juncaj lost the middle finger of her right hand in
an industrial accident while working for C & H Industries. She
sought and was granted workers' compensation benefits in the
amount of $79 per week from the date of the accident. The
hearing referee arrived at the $79 per week figure by relying
on a Court of Appeals decision wherein it was held that
minimum compensation rates established by statute could be
adjusted upwards by the cost-of-living adjustment provision in
the workers' compensation act, *Jolliff v American Advertising
Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973). C & H
did not appeal the order awarding Juncaj $79 per week. In
1981, the Supreme Court overruled the Court of Appeals deci-
sion relied upon by the hearing referee and held that the
Legislature, in enacting the workers' compensation statute, did
not intend the minimum rates to be adjusted. *Gusler v Fair-
view Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981). C
& H and its insurer, Allstate Insurance Company, relying on
the *Gusler* decision, reduced the rate it was paying Juncaj from
$79 per week to $66.67 per week. Juncaj requested a hearing by
the Bureau of Workers' Disability Compensation arguing that
res judicata applied to the earlier award of $79 per week so
that that amount could not be reduced. A hearing referee
denied relief, finding that reduction of the amount was proper
under *Gusler.* The WCAB reversed, relying on a 1985 decision of
the Court of Appeals which held that the *Gusler* decision was
not binding precedent because the Supreme Court had granted
rehearing in the case but the parties had stipulated to the
dismissal of the appeal prior to the rehearing. *Riley v North-*

REFERENCES

Am Jur 2d, Judgments §§ 415 *et seq.*

Am Jur 2d, Workmen's Compensation §§ 584-587.

Modern views of state courts as to whether consent judgment is
entitled to res judicata or collateral estoppel effect. 91 ALR3d
1170.

See also the annotations in the Index to Annotations under Res
Judicata.

*land Geriatric Center,* 140 Mich App 72; 362 NW2d 894 (1985). C & H and Allstate sought leave to appeal to the Court of Appeals, which denied leave. They then sought leave to appeal to the Supreme Court, which ordered that the application be held in abeyance pending its decision in an appeal of the Court of Appeals decision in the *Riley* case. On appeal, the Supreme Court reversed the Court of Appeals decision in *Riley* and ruled that *Gusler* was binding precedent when it was decided on December 30, 1981. *Riley v Northland Geriatric Center,* 425 Mich 668; 391 NW2d 331 (1986). The Supreme Court then remanded this case to the Court of Appeals for consideration as on leave granted of Juncaj's res judicata issue and the issue of the retroactive effect of the *Gusler* decision, 426 Mich 858 (1986).

The Court of Appeals *held:*

The Supreme Court specifically stated in *Gusler* that benefits due but not paid as of December 30, 1981, or benefits awarded thereafter were to be paid at the statutory minimum rate. Payments made prior to December 30, 1981, were not affected by the decision. Thus, anyone who had received benefits at a higher than minimum rate up to that time would not be required to repay the excess amounts received. The doctrine of res judicata does not preclude the reduction of payments made to Juncaj after December 30, 1981.

The decision of the WCAB is reversed.

1. WORKERS' COMPENSATION — MINIMUM WEEKLY BENEFITS — ADJUSTMENTS — RES JUDICATA.

   The doctrine of res judicata does not preclude the reduction of workers' compensation benefits paid to an injured employee where the employee has been receiving more than the statutory minimum amount because the original award was based on a Court of Appeals decision which erroneously held that the statutory minimum amount could be adjusted upwards by the cost-of-living adjustment provision in the workers' compensation act and the Supreme Court subsequently reversed that decision.

2. JUDGMENTS — RES JUDICATA — ISSUES OF LAW.

   Relitigation between the parties of an issue which has been actually litigated and determined by a valid and final judgment is not precluded by the doctrine of res judicata where the issue is one of law and a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Melvyn J. Kates* and *Granner S. Ries*), for plaintiff.

*Sinn, Day, Felker, Chinitz & Lovernick, P.C.* (by *Gilbert M. Chinitz*), for defendant.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. This case comes to us by way of an order of the Supreme Court remanding the case for a determination whether res judicata applies to bar a reduction in plaintiff's workers' compensation award.

On November 25, 1975, while plaintiff was working for defendant C & H Industries, the middle finger of her right hand was severed by a machine on which she was working. In September, 1976, plaintiff filed a petition for workers' compensation benefits, and on July 19, 1978, a hearing referee granted plaintiff benefits in the amount of $79 per week from November 25, 1975, to June 30, 1978, and from then until further order of the Bureau of Workers' Disability Compensation. The referee relied on *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), lv den 391 Mich 780 (1974), in setting the rate at $79 per week. In *Jolliff,* we held that minimum compensation rates established by MCL 418.351; MSA 17.237(351)[1] could be adjusted upwards by the cost-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Section 351(1), as applicable at the time of plaintiff's injury, provided:

> (1) While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation of ⅔ of his average weekly wages, but not more than $64.00, if such injured employee has no dependents; $69.00 if 1 dependent; $75.00 if 2 dependents; $81.00 if 3 dependents; $87.00 if 4 dependents; and $93.00 if 5 or more dependents; except as

of-living adjustment provision in MCL 418.355; MSA 17.237(355)[2] *Jolliff, supra,* 4.[3] The order in the

---

provided in section 355. Compensation shall be paid for the duration of the disability. *Weekly payments shall not be less than $27.00 if there are no dependents; $30.00 if 1 dependent; $33.00 if 2 dependents; $36.00 if 3 dependents; $39.00 if 4 dependents; and $42.00 if 5 or more dependents; except as provided in section 355.* Compensation shall be paid for the duration of the disability. The conclusive presumption of total and permanent disability shall not extend beyond 800 weeks from the date of injury and thereafter the question of permanent and total disability shall be determined in accordance with the fact, as the fact may be at that time. [Emphasis added.]

[2] At the time of plaintiff's injury, § 355 provided:

(1) The maximum weekly rate in each dependency classification in this act shall be adjusted once each year in accordance with the increase or decrease in the average weekly wage in covered employment, as determined by the employment security commission. The average weekly wage in covered employment determined by the employment security commission for the year ending June 30, 1967, shall be the base on which such adjustments are made.

(2) A second adjustment, if any, shall be made on January 1, 1970 and shall reflect the change, if any, between the average weekly wage for June 30, 1969 and the average weekly wage for June 30, 1968 and the adjustment shall be made in like manner on each January 1 thereafter, utilizing the average weekly wage for the preceding June 30.

(3) Adjustment for the statutory maximum rate shall be made only if there has been an increase or decrease in the average weekly wage of at least $1.50 during the preceding year, applied to the June 30, 1967, base and the director shall announce the adjustment each December 1, to become effective the following January 1. If in any year the change is less than $1.50, the director shall announce no change for the following year but the amount of change in such year shall be carried forward and added to or subtracted from subsequent annual determinations until the total change shall be at least $1.50, in which year an adjustment shall be made. There shall be an adjustment made of $1.00 in the maximum rates for each $1.50 increase or decrease in the average weekly wage. The maximum weekly rate as so determined for the year in which the date of injury occurred shall remain fixed without further change as to the personal injury occurring within such year.

[3] Plaintiff was found to have an average weekly wage of $100 and three dependents. Thus, without the adjustments, plaintiff would have been entitled to only $66.67 per week, according to § 351.

instant case awarding plaintiff $79 per week was not appealed by defendants.

On December 20, 1981, the Supreme Court overruled *Jolliff* in *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), reh gtd 414 Mich 1102 (1982), app dis 414 Mich 1102 (1983). In *Gusler,* the Court held that the Legislature, in enacting §§ 351 and 355, did not intend the minimum rates to be adjusted. *Gusler, supra,* 285-298. On the basis of the decision in *Gusler,* defendant's insurer in the instant case, Allstate Insurance Company, reduced the rate it was paying plaintiff from $79 per week to $66.67 per week.

Claiming that defendants improperly reduced her weekly rate, plaintiff requested a Rule v hearing.[4] Plaintiff argued that res judicata applied to the July 19, 1978, order of the referee awarding her $79 per week, so that the amount could not be reduced to $66.67 per week. At the hearing, the referee denied relief, finding that defendants' action was proper under *Gusler.* On June 8, 1983, plaintiff filed an application for review with the Workers' Compensation Appeal Board. On May 14, 1985, the WCAB reversed, relying on *Riley v Northland Geriatric Center,* 140 Mich App 72; 362 NW2d 894 (1985). In *Riley,* this Court held that *Gusler* was not binding precedent since the *Gusler* plaintiff had requested rehearing before the Supreme Court and, before rehearing was held, the

---

[4] A Rule v hearing is a hearing which is called to determine whether the Workers' Disability Compensation Act is being followed. 1979 AC, R 408.35 states in pertinent part:

Rule 5. (1) If the director believes that there has not been compliance with the workers' disability compensation act, he may on his own motion give notice to the parties and schedule a hearing for the purpose of determining such compliance. The notice shall contain a statement of the matter to be considered.

parties had dismissed the appeal pursuant to stipulation. *Riley, supra,* 77.

Defendants filed an application for leave to appeal to this Court, which was denied on August 5, 1985. Defendants thereupon filed an application for leave to appeal to the Michigan Supreme Court. On March 24, 1986, the Supreme Court ordered that the application be held in abeyance pending its decision in *Riley*, which had been appealed. On August 7, 1986, the Supreme Court issued its decision in *Riley*, reversing our *Riley* decision and holding that *Gusler* was binding precedent when it was decided on December 30, 1981. *Riley v Northland Geriatric Center,* 425 Mich 668; 391 NW2d 331 (1986). The Supreme Court thereupon remanded the instant case to us for consideration of plaintiff's res judicata issue and the issue of the retroactivity of *Gusler*.

On appeal, plaintiff claims that res judicata applies to the July 19, 1978, order awarding plaintiff $79 per week and that, therefore, notwithstanding *Gusler* and despite the fact that the bureau was without authority to award that amount, she should continue to receive $79 per week. We do not agree. In *Gusler*, the Supreme Court specifically set forth the retroactivity of that decision:

> In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling. [*Gusler, supra,* 298.]

This statement makes it clear that payments not

yet due were to be reduced to the statutory minimum.

In *Riley, supra,* the plaintiff sustained a back injury at work, and the hearing referee awarded her $119 per week, adjusted in accordance with *Jolliff.* No appeal was taken. However, after *Gusler* was decided, the plaintiff's employer filed a petition for a determination of whether it could reduce the plaintiff's benefits. The hearing referee directed reduction of benefits, but the WCAB reversed, holding that res judicata barred a reduction. This Court affirmed, holding that *Gusler* was not binding authority since leave to appeal had been granted but the parties had dismissed the appeal. *Riley v Northland Geriatric Center,* 140 Mich App 72, 77; 362 NW2d 894 (1985). The Supreme Court reversed, holding that *Gusler* was binding authority when it was decided on December 30, 1981. *Riley v Northland Geriatric Center,* 425 Mich 668; 391 NW2d 331 (1986). However, the Court did not address the plaintiff's res judicata argument and the issue of the retroactivity of *Gusler,* choosing instead to remand the case to us for a determination of the issues. Justice LEVIN, however, would have addressed the retroactivity and res judicata issues. We agree with Justice LEVIN's statements:

> I would also decide the retroactivity and res judicata issues. Again, the questions have been fully briefed in this Court by both sides of the controversy.

A

In *Gusler,* p 298, the majority opinion concluded with the following statement:

> "In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already re-

ceived by reason of the erroneous computation formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling."

The majority thus indicated that *Gusler* would apply to cases decided before December 30, 1981, as to payments made after that date. Although the majority opinion did not go into an extended retroactivity/res judicata analysis, that is what the opinion stated.

The question of retroactivity is, as set forth in *Gusler*, ultimately one of fairness. There is nothing unfair in applying the rule stated in *Gusler*, which appears to have been reaffirmed today on varying analyses, from and after the date of the announcement of the opinions of the justices in *Gusler*.

The statement in the foregoing concluding paragraph of the majority opinion in *Gusler* was surely adequate notice to the workers' compensation department, the WCAB, bench and bar, that *Jolliff* should no longer be followed. The "interest of fairness" adverted to in *Gusler*, that prompted this Court to state that *Gusler* should not "affect any disability compensation payments already made," does not require that the effect of *Gusler* be deferred until this Court has reaffirmed *Gusler*. It would not be "unfair" to hold in the instant case that, as declared in *Gusler*, "any benefits due and not yet paid or to be awarded after the date of [the *Gusler* opinion] shall be in accord with th[e] ruling" stated in *Gusler* that the minimum rates are not subject to adjustment.

To defer the effectiveness of the overruling of *Jolliff* beyond the filing on December 30, 1981, of the *Gusler* opinions would be unfair to employers and their insurers who have been required to pay out large sums because of an incorrect construction of § 355.

B

There is no constitutional impediment to changing, upwards or downwards, workers' compensa-

tion benefits after an adjudication awarding such benefits. See *Franks v White Pine Copper,* 422 Mich 636, 653-654; 375 NW2d 715 (1985), where this Court said that "[w]orkers' compensation benefits are social-welfare income-maintenance benefits," and that "[i]n providing for such benefits, the Legislature did not covenant not to amend the legislation," and that an award of such benefits is not insulated "from substantive change by subsequent legislation."

A workers' compensation award differs from a lump sum tort judgment in that it operates prospectively and is subject to change in response to subsequent events. Just as a change in legislation may result in an upward or downward adjustment in the amount of benefits, so too a change in a rule of law announced by judicial decision may effect a change in the amount of the benefits payable.

The doctrine of res judicata does not preclude giving effect to such a change in law. In *Socialist Workers Party v Secretary of State,* 412 Mich 571, 584; 317 NW2d 1 (1982), this Court adopted the view expressed in the Restatement of Judgments that although an issue has been actually litigated and determined by a valid and final judgment, relitigation of the issue between the parties is not precluded where the issue is one of law and "[a] new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws." Restatement Judgments, 2d, § 28.

Were this Court to give preclusive effect to a prior adjudication that was based on *Jolliff* as to payments of workers' compensation benefits after *Gusler* it would perpetuate, in the name of a judicial doctrine, a judicial error in construing a statute that thwarts legislative intent. The policies that explain the judicial doctrine of res judicata do not require the continued imposition on employers and their insurers of payments contrary to the

intendment of the statute. [*Riley, supra,* 687-690. Footnote omitted.]

Plaintiff cites two cases which seem to support her contention that res judicata applies. In *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975), the Court held that res judicata barred the plaintiff from receiving additional benefits twenty years after this Court denied her first application for such additional benefits, even though a subsequent decision had made such additional benefits now available. *Hlady, supra,* 374-380. In *Selk v Detroit Plastic Products,* 120 Mich App 135; 328 NW2d 15 (1982), aff'd 419 Mich 1 (1984), this Court, relying on *Hlady,* held that where the plaintiff was found to be totally and permanently disabled due to incurable insanity, the defendant could not later relitigate the issue of the plaintiff's insanity even though, in the meantime, the Michigan Supreme Court overruled the existing insanity standard in favor of a more restrictive standard. *Selk, supra,* 151-152. We feel that the considerations militating for the application of res judicata in the *Hlady* and *Selk* situations are not present in the instant situation. The intervening change in the law in the instant case did not involve plaintiff's condition or the standards under which plaintiff's condition is to be tested, but involves the rate of pay awarded to a claimant. In *Gusler,* the Supreme Court decided that the director of the Bureau of Workers' Disability Compensation did not have authority to adjust the minimum rates pursuant to § 355. In a sense, the official's actions were void. Thus, any payments made in excess of the statutory minimum were also void. The Supreme Court realized that it would be inequitable to order that claimants return money already received. However, the same unfairness does not

exist with respect to money not yet paid. To use the doctrine of res judicata to override the Legislature's intention that minimum compensation rates not be adjusted would be unfair to employers and their insurers.

We realize that our decision is in conflict with this Court's decision in *Riley v Northland Geriatric Center (On Remand)*, 160 Mich App 507; 408 NW2d 489 (1987). However, we respectfully disagree with *Riley (On Remand)*. Thus, we hold that *Gusler* applies to all workers' compensation payments made after December 30, 1981, and that the doctrine of res judicata does not preclude the reduction of payments made to plaintiff in the instant case after that date.

The decision of the WCAB is reversed.