STEIN v FEDERAL DEPARTMENT STORES (ON REMAND)

Docket No. 134971. Submitted June 16, 1992, at Lansing. Decided
January 20, 1993, at 9:10 A.M.

Nettie Stein, following a hearing in 1975 in the Bureau of
Workers' Disability Compensation concerning a disability in-
curred in 1973 when she was earning $60.21 a week working
for Federal Department Stores, was awarded weekly benefits of
$57 pursuant to *Joliff v American Advertising Distributors, Inc,*
49 Mich App 1 (1973), which held that, under MCL 418.351;
MSA 17.237(351) and MCL 418.355; MSA 17.237(355), minimum
compensation rates established by the Workers' Disability Com-
pensation Act are adjustable once each year in accordance with
the increase or decrease in the average weekly wage deter-
mined by the Employment Security Commission. Appeals by
Stein and Federal Department Stores were dismissed by the
Workers' Compensation Appeal Board. In 1981, after the Su-
preme Court overturned *Joliff* and decided in *Gusler v Fairview
Tubular Products,* 412 Mich 270 (1981), that the minimum
compensation rates are not subject to adjustment, Federal
Department Stores and its insurer, American National Fire
Insurance Company, reduced Stein's weekly benefit to $40.14,
two-thirds of her weekly wage loss. A hearing referee and the
Workers' Compensation Appeal Board upheld the unilateral
reduction in weekly benefits. The Court of Appeals denied
Stein's application for leave to appeal. The Supreme Court, in
lieu of granting leave to appeal, remanded to the Workers'
Compensation Appeal Board for further proceedings in light of
*Riley v Northland Geriatric Center (After Remand),* 431 Mich
632 (1988). 432 Mich 882 (1989). The board again upheld the
reduction. The Court of Appeals denied Stein's application for
leave to appeal. The Supreme Court, in lieu of granting leave,
remanded to the Court of Appeals for consideration as on leave
granted. 436 Mich 883 (1990).

On remand, the Court of Appeals *held:*

REFERENCES

Am Jur 2d, Administrative Law §§ 353, 397; Constitutional Law
§ 839; Workers' Compensation §§ 527, 602.
See ALR Index under Administrative Law; Due Process; Hearings;
Workers' Compensation.

1. The doctrine of res judicata does not bar application of *Gusler* to all benefits due or paid after December 30, 1981, its date of decision.

2. A hearing pursuant to 1980 AACS, R 408.40 is not required before benefits are unilaterally reduced by an employer or an insurer where, as in this case, no factual or legal issues besides simple mathematical calculation are involved to achieve compliance with *Gusler*.

Affirmed.

WORKERS' COMPENSATION — ADJUSTMENT OF MINIMUM BENEFITS.

A hearing by the Bureau of Workers' Disability Compensation is not required before an employer or its workers' compensation insurer may reduce a worker's weekly benefit to comply with the holding of *Gusler v Fairview Tubular Products*, 412 Mich 270 (1981), that minimum compensation rates are not subject to annual adjustment in accordance with an increase or decrease in the average weekly wage as determined by the Employment Security Commission, where the sole issue involves simple mathematical calculation of the weekly benefit (MCL 418.351, 418.355; MSA 17.237(351), 17.237(355); 1980 AACS, R 408.40).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Jerome W. Kelman*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for the defendants.

ON REMAND

Before: SULLIVAN, P.J., and MACKENZIE and I. B. TORRES,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from an opinion and order of the Workers' Compensation Appeal Board upholding defendants' unilateral reduction of plaintiff's benefit pursuant to *Gusler v Fairview Tubular Products*, 412 Mich 270; 315 NW2d 388 (1981). We affirm.

Plaintiff was employed part-time, earning $60.21

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

a week. After she suffered a work-related injury, she was awarded what the Bureau of Workers' Disability Compensation determined to be the statutory minimum benefit under its understanding of MCL 418.351; MSA 17.237(351), MCL 418.355; MSA 17.237(355), and *Jolliff v American Advertising Distributors, Inc*, 49 Mich App 1; 211 NW2d 260 (1973). *Jolliff* recognized an adjustable minimum level of compensation in each dependency category parallel to the statutory adjustable maximum level. Plaintiff was awarded $57 a week instead of $40.14 a week, which was two-thirds of her weekly wage loss of $60.21. Both parties filed appeals with the WCAB, which were later dismissed. Defendants paid benefits of $57 a week until December 30, 1981, when they unilaterally reduced benefits to $40.14 a week, two-thirds of plaintiff's weekly wage loss, on the basis of *Gusler, supra*. In *Gusler*, the Court held that the adjustment provisions of § 355 of the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, apply only to the maximum, and not the minimum, weekly rates established in § 351(1). *Gusler* overruled *Jolliff*, in which it was held that the minimum compensation rates established by § 351 were adjustable, along with the maximum compensation rates, under § 355.

Plaintiff appealed to the WCAB, claiming res judicata. The WCAB upheld defendants' unilateral reduction of plaintiff's weekly wage loss benefits, relying on *Juncaj v C & H Industries*, 161 Mich App 724; 411 NW2d 839 (1987), aff'd 431 Mich 632; 433 NW2d 787 (1988), holding that res judicata did not bar defendants' unilateral reduction of plaintiff's wage loss benefit. This Court denied plaintiff's application for leave to appeal. Plaintiff then sought leave in the Michigan Supreme Court, which, in lieu of granting leave, remanded to the

Workers' Compensation Appeal Board for further proceedings consistent with *Riley v Northland Geriatric Center (After Remand)*, 431 Mich 632; 433 NW2d 787 (1988). 432 Mich 882 (1989). In *Riley,* the Court decided that the doctrine of res judicata did not bar *Gusler's* correction of *Jolliff's* error with respect to "benefits due and not yet paid." The *Riley* Court held that "*Gusler* applies to all benefits due or paid after December 30, 1981, the date of our opinion in that case, including benefits paid pursuant to awards entered prior to that date." The Court remanded this matter to the WCAB "to determine (1) whether the unilateral reduction of benefits was improper; and (2), if so, what, if any, remedy should be provided" in light of *Riley, supra.*

On remand, the WCAB determined that the defendants' unilateral reduction of benefits was proper and, therefore, no remedy was required. Plaintiff applied for leave to appeal, asserting that the WCAB committed error requiring reversal when it upheld defendants' unilateral reduction of plaintiff's wage loss benefits contrary to 1980 AACS, R 408.40 (Rule 10), which requires another administrative order before an award is reduced. The Court of Appeals denied the application for leave. However, the Supreme Court, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted. 436 Mich 883 (1990).

Rule 10 provides:

> (1) When compensation is being paid under an order or award of the administrative law judge or appeal board, compensation shall not be discontinued or reduced without a further order or award, except as provided in subrules (3) and (4) of this rule.

In the present case, we determine that defendants may unilaterally reduce plaintiff's wage loss benefits pursuant to *Riley* and *Gusler*'s correction of *Jolliff*'s error without a prereduction hearing under Rule 10. We determine that a prereduction wage loss benefit hearing is not required because of the unique legal circumstances of this particular case. In *Gusler,* the Court did not diminish any of plaintiff's existing rights. It merely determined that *Jolliff* had improperly interpreted the WDCA by increasing minimum compensation rates in tandem with maximum compensation rates. In *Gusler,* the Court simply voided awards of benefits to the extent that they exceeded the statutorily authorized amount of two-thirds of the average weekly wage of a worker injured between 1969 and 1981.

In *Gusler, supra* at 298, the Court also specified how its holding would be implemented.

> In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling.

In *Riley, supra* at 636, 649, the Court affirmed the holding of *Gusler* and stated:

> The principal issue raised is whether the directed correction of *Jolliff*'s error with respect to "benefits due and not yet paid" after *Gusler* is precluded by the doctrine of res judicata. We conclude that res judicata is not a bar. We further hold that *Gusler* applies to all benefits due or paid

after December 30, 1981, the date of our opinion in that case, including benefits paid pursuant to awards entered prior to that date.

\* \* \*

We conclude that the implementing language means what it says, and that payments after December 30, 1981, are to be adjusted in accord with *Gusler,* whether the award was made before or after *Gusler.*

Thus, both *Gusler* and *Riley* require benefit payments at the level authorized by statute.

Benefits are awarded on the basis of a finding of fact with respect to plaintiff's average weekly wage on the date of injury. The accuracy of that factual finding is not questioned in this appeal. Rather, the issue is whether the bureau must calculate two-thirds of the established average weekly wage after a prereduction hearing under Rule 10 or whether the benefits payor may unilaterally recalculate the award at two-thirds of the average weekly wage as statutorily authorized under the former § 351.

Because the average weekly wage in this case is already indisputably determined, allowing the benefits payor to unilaterally calculate two-thirds of the average weekly wage simply does not impair or undermine any significant administrative determination in this case. However, in cases involving issues other than a simple mathematical calculation, failure to apply Rule 10 may undermine and impair the integrity and validity of the administrative process.

Presumably, the purpose of a prereduction hearing is to accurately resolve factual and legal disputes and prevent employers from coercing settlements by illegitimately reducing or terminating benefits. In the absence of a factual and legal

dispute or the threat of illegitimate coercion, the rationale for Rule 10 does not apply in this case.

Moreover, the defendants' unilateral reduction of benefits to a level statutorily authorized does not implicate any constitutional issues of due process. In *Franks v White Pine Copper Division*, 422 Mich 636, 654; 375 NW2d 715 (1985), the Court stated:

> Workers' compensation benefits are social-welfare income-maintenance benefits. . . .
> Income-maintenance benefits payable under a legislatively mandated social welfare program are not property protected by the Due Process Clause, the Contract Clause, or the Takings Clause from substantive change by subsequent legislation . . . .

Whatever property interest plaintiff may wish to safeguard from an erroneous calculation of two-thirds of the average weekly wage is adequately protected by her right to petition the bureau for a postreduction hearing.

In this case, defendants unilaterally adjusted plaintiff's benefits after *Gusler* was decided to the level authorized by statute. Plaintiff does not dispute the accuracy of defendants' redetermination of her average weekly wage or raise any legal issues concerning the validity of *Riley* or *Gusler* overruling *Jolliff*; nor does plaintiff allege that defendants are coercing her to compromise any of her substantive rights. We find that defendants' unilateral reduction of plaintiff's wage loss benefits to the statutorily authorized level was appropriate under the unique and limited circumstances of this case and that plaintiff has adequate due process safeguards under the WDCA to correct any factually erroneous reduction, which does not appear to exist here.

Affirmed.