MOORE v DETROIT BOARD OF EDUCATION (ON REMAND)

Docket No. 99822. Submitted April 10, 1987, at Lansing. Decided September 10, 1987. Leave to appeal granted, 429 Mich —.

Plaintiff, Katherine Moore, was employed by defendant, Detroit Board of Education, as a teacher's aide. She was injured on May 30, 1978, while in defendant's employ. Plaintiff received workers' compensation benefits from May, 1978, until October, 1978, and from January, 1979, until October 4, 1979. On February 9, 1981, a hearing referee found that plaintiff was entitled to continuing compensation benefits. Defendant appealed and on July 10, 1985, the Workers' Compensation Appeal Board determined that plaintiff was disabled and that she was entitled to benefits. The wcab also indicated that it was reluctantly applying the minimum rate set forth in *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1 (1973), to the case. Defendant appealed, by leave granted, to the Court of Appeals alleging that the wcab erred in determining that plaintiff was disabled and that the *Jolliff* minimum rate was applicable. The Court of Appeals affirmed the determination of disability but reversed the application of the *Jolliff* minimum rate. Unpublished opinion per curiam of the Court of Appeals, decided December 3, 1986 (Docket No. 86579). Plaintiff then sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration of the issue whether *Gusler v Fairview Tubular Products,* 412 Mich 270 (1981), should be given retroactive effect in light of *Riley v Northland Geriatric Center,* 425 Mich 668, 671 (1986). 428 Mich 875 (1987).

On remand, the Court of Appeals *held:*

The Court of Appeals agreed with Justice LEVIN's separate opinion in *Riley* that the holding in *Gusler,* that the minimum workers' compensation rates are not subject to upward adjustment pursuant to § 355 of the Workers' Disability Compensation Act, MCL 418.355; MSA 17.237(355), applies to cases

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 469 *et seq.*

See the annotations in the Index to Annotations under Workers' Compensation.

decided before December 30, 1981, as to payments made after that date.

The previous opinion of the Court of Appeals which affirmed in part and reversed in part the decision of the WCAB is affirmed.

Workers' Compensation — Minimum Weekly Benefits — Adjustments.

The Supreme Court's holding in *Gusler v Fairview Tubular Products,* 412 Mich 270 (1981), that the minimum workers' compensation rates are not subject to upward adjustment pursuant to § 355 of the Workers' Disability Compensation Act, applies to cases decided before December 30, 1981, as to payments made after that date (MCL 418.355; MSA 17.237[355]).

*Bockoff & Zamler, P.C.* (by *Anne K. Flaherty* and *Daryl Royal*), for plaintiff.

*Law Offices of Walter W. Gallaher, P.C.* (by *Walter W. Gallaher*), and *Grahame G. Capp,* of Counsel, for defendant.

Before: Cynar, P.J., and Wahls and Hood, JJ.

Per Curiam. This case is again before us on remand from the Supreme Court to consider whether *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), should be given retroactive effect in light of *Riley v Northland Geriatric Center,* 425 Mich 668, 671; 391 NW2d 331 (1986). 428 Mich 875 (1987).

Plaintiff was employed by defendant as a teacher's aide. Plaintiff was injured on May 30, 1978, while in defendant's employ. Her injury occurred when she fell down a flight of stairs. She complained of back and left leg pain and was immediately transported to a hospital. The final diagnosis was a "displaced fracture of tip of sacrum and coccyx."

Plaintiff received workers' compensation benefits from May, 1978, until October, 1978. Benefits were

reinstated in January, 1979, until October 4, 1979. On February 9, 1981, a hearing referee found that plaintiff was entitled to continuing compensation benefits. Defendant appealed and on July 10, 1985, the Workers' Compensation Appeal Board determined that plaintiff was disabled and that she was entitled to benefits. The WCAB also indicated that it was reluctantly applying the minimum rate set forth in *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), lv den 391 Mich 780 (1974), to the case.

We are in accord with Justice LEVIN's separate opinion in *Riley* that *Gusler* would apply to cases decided before December 30, 1981 (the date *Gusler* was decided) as to payments made after that date. The *Gusler* opinion itself sets out the application of its holding.

> Although our holding is based on what we perceive to have been the intent of the Legislature at the time of enactment of the provisions discussed, in practical effect, given the contrary interpretations of the law by the Director of the Bureau of Workers' Compensation and the bureau's subdivisions, the Workers' Compensation Appeal Board and its hearing referees, and the Court of Appeals, today's holding is not unlike the announcement of a new rule of law. Its application therefore should be treated accordingly. See *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970); *Parker v Port Huron Hospital,* 361 Mich 1; 105 NW2d 1 (1960); *Bricker v Green,* 313 Mich 218; 21 NW2d 105 (1946).
>
> In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation formula we have nullified today. However, *any benefits due and not yet paid or to be awarded*

> *after the date of this opinion shall be in accord*
> *with this ruling. [Gusler, supra,* p 298.]

The plain language of *Gusler* mandates that insurers be relieved from the misconstruction of § 355 as of December 30, 1981, but, in fairness to recipients, specifies that no repayment need be made for past sums erroneously paid. If not for these specific instructions in *Gusler* we would agree with *Riley v Northland Geriatric Center (On Remand),* 160 Mich App 507; 408 NW2d 489 (1987), which held that *Gusler* would only apply to all cases begun after December 30, 1981, or to cases pending in the workers' compensation bureau, the WCAB, or an appellate court in which the issue of § 355 reductions was raised. See also *Juncaj v C & H Industries,* 161 Mich App 724; 411 NW2d 839 (1987).

Accordingly, we adhere to our previous opinion which affirmed in part and reversed in part the decision of the WCAB.