RILEY v NORTHLAND GERIATRIC CENTER (AFTER REMAND)

JUNCAJ v C & H INDUSTRIES (AFTER REMAND)

MOORE v DETROIT BOARD OF EDUCATION (AFTER REMAND)

Docket Nos. 81129, 81325, 81689. Argued May 4, 1988 (Calendar Nos. 3-5). Decided November 10, 1988. Judgment order in *Juncaj* amended 432 Mich 1219.

Geneva Riley was awarded workers' compensation benefits for injuries arising out of and in the course of her employment with Northland Geriatric Center. Following the decision by the Supreme Court in *Gusler v Fairview Tubular Products,* 412 Mich 270 (1981), that the annual adjustment provision of the workers' compensation act applied only to maximum benefits, a hearing referee reduced the plaintiff's minimum weekly benefits. The Workers' Compensation Appeal Board reversed, concluding that the doctrine of res judicata barred the reduction. The Court of Appeals, SHEPHERD, P.J., and MacKENZIE and P. NICOLICH, JJ., affirmed, holding that *Gusler* which was relied upon by the referee was not precedent because rehearing had been granted in that case and it subsequently was dismissed by stipulation of the parties, rendering the decision a nullity (Docket No. 75937). The Supreme Court reversed, holding that *Gusler* is binding precedent, 425 Mich 668 (1986), and remanded *Riley* to the Court of Appeals for consideration of the issues of res judicata and retroactivity. On remand, the Court of Appeals, DANHOF, C.J., and MacKENZIE and SHEPHERD, JJ., affirmed in an opinion per curiam, holding that res judicata barred a reduction of benefits (Docket No. 94913). The defendants appeal.

Ljena Juncaj was awarded workers' compensation for injuries arising out of her employment with C & H Industries. Following the decision in *Gusler,* C & H's insurer reduced the claimant's level of benefits. A hearing referee found the reduction proper under *Gusler.* The WCAB reversed, and the Court of Appeals, R. B. BURNS, P.J., and ALLEN and T. M. BURNS, JJ., denied leave to appeal (Docket No. 85295). The Supreme Court ordered the case held in abeyance pending the decision of *Riley,*

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 469 *et seq.,* 584, 598.

See the Index to Annotations under Worker's Compensation.

and thereafter remanded the case to the Court of Appeals for consideration of the issues of res judicata and retroactivity. On remand, the Court of Appeals, HOOD, P.J., and WEAVER and M. WARSHAWSKY, JJ., reversed in an opinion per curiam, holding that res judicata is not a bar and that *Gusler* applies to all payments made after the date of its decision (Docket No. 95587). The plaintiff appeals.

Katherine Moore was awarded workers' compensation for injuries arising out of her employment with the Detroit Board of Education. Following the decision in *Gusler,* the WCAB initially granted the board's motion to reduce her benefits, but later reinstated the original award following the decision of the Court of Appeals in *Riley* that *Gusler* was not binding precedent. The Court of Appeals, CYNAR, P.J., and T. M. BURNS and M. E. KOBZA, JJ., reversed in an unpublished opinion per curiam (Docket No. 86579). The Supreme Court remanded the case to the Court of Appeals to address the issue of the retroactive application of *Gusler.* On remand, the Court of Appeals, CYNAR, P.J., and WAHLS and HOOD, JJ., affirmed its earlier decision in an opinion per curiam (Docket No. 99822). The plaintiff appeals.

In opinions by Justice GRIFFIN, joined by Chief Justice RILEY and Justice LEVIN, and by Justice BRICKLEY, the Supreme Court *held:*

The doctrine of res judicata does not bar application of the rule of *Gusler v Fairview Tubular Products,* that the provision of § 355 of the workers' compensation act for annual adjustment of weekly benefit rates applies only to maximum, and not minimum, rates, to all benefits due or paid after December 30, 1981, the date of decision in *Gusler.*

Justice GRIFFIN, joined by Chief Justice RILEY and Justice LEVIN, explained:

1. Workers' compensation benefits are a form of income maintenance, entitlement to which depends upon a claimant's circumstances at the time of application and the time of payment. Because the amount of a claimant's award is never final and redetermination of the amount of benefits is permitted, the principles of res judicata do not apply to a change in the amount of benefits.

2. The adjustment provisions of § 355 of the workers' compensation act, as interpreted in *Gusler,* clearly were intended to apply to payments made after December 30, 1981, the date of the Court's decision, regardless of whether the award was made before or after that date.

Justice BRICKLEY, concurring, stated that the doctrine of res

judicata should be held to bar relitigation as to all payments and benefits awarded or denied pursuant to an earlier determination, but only until a subsequent petition based on changed circumstances is filed and the issues presented are resolved. Thus, application of the rule of *Gusler* regarding the annual adjustment of maximum weekly benefit rates to payments made after *Gusler*'s date of decision, regardless of when the award of benefits was made, should not be barred under the doctrine of res judicata.

In *Riley* and *Juncaj,* the referees ruled correctly in approving the reduction of future benefits. However, *Juncaj,* should be remanded to the WCAB for a determination whether the unilateral reduction of benefits by the employer was improper and, if so, the extent to which the claimant should recover benefits improperly withheld. In *Moore,* because the case was pending before the WCAB when *Gusler* was decided, there was no final determination which would require an analysis under the doctrine of res judicata. The *Gusler* issue was adequately preserved when it was raised before the WCAB.

*Riley,* reversed.

*Juncaj* and *Moore,* affirmed.

Justice BOYLE, joined by Justice CAVANAGH, concurring in part and dissenting in part, agreed that, because in *Moore* there was no final judgment, the doctrine of res judicata is inapplicable, but would not hold that the defendant waived a challenge regarding minimum benefits by failing to raise it before the referee.

In *Riley* and *Juncaj,* application of the doctrine of res judicata to preclude a reopening of the litigation is technically correct and manifestly just. Collateral attacks upon the amount of compensation, as opposed to eligibility, are not always permissible. Ignoring the doctrine of res judicata will result in the summary alteration of benefits or liability for many litigants who have never been afforded an opportunity to address the issue in any court or administrative proceeding.

Justice ARCHER, dissenting, stated that the doctrine of res judicata should bar relitigation of the plaintiffs' minimum benefit levels, requiring affirmance in *Riley* and reversal in *Juncaj* and rendering unnecessary consideration of the issue of the retroactive application of *Gusler* in those cases. In *Moore,* the decision of the Court of Appeals should be reversed. The defendant waived the § 355 issue by its failure to assert it before the WCAB prior to the release date of *Gusler,* and, thus,

*Gusler* should not be retroactively applied.

160 Mich App 507; 408 NW2d 489 (1987) reversed.

161 Mich App 724; 411 NW2d 839 (1987) affirmed.

163 Mich App 130; 414 NW2d 160 (1987) affirmed.

WORKERS' COMPENSATION — ADJUSTMENT OF MAXIMUM BENEFITS —
RES JUDICATA.

The doctrine of res judicata does not bar application of the rule that the provision of § 355 of the workers' compensation act for annual adjustment of weekly benefit rates applies only to maximum, and not minimum, rates, to all benefits due or paid after December 30, 1981 (MCL 418.351[1], 418.355; MSA 17.237[351][1], 17.237[355]).

*Bockoff & Zamler, P.C.* (by *Anne K. Flaherty* and *Joel W. Jonas*), for plaintiffs Riley and Moore.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Melvyn J. Kates* and *Granner S. Ries*), for plaintiff Juncaj.

*Lacey & Jones* (by *Gerald M. Marcinkoski*) for defendants Northland Geriatric Center and Michigan Mutual Insurance Company.

*Sinn, Day, Felker, Chinitz & Lovernick, P.C.* (by *Gilbert M. Chinitz*), for defendants C & H Industries and Allstate Insurance Company.

*Law Offices of Charfoos, Reiter, Peterson, Krut & Jones, P.C.* (by *Kenneth E. Jones*), for defendant Detroit Board of Education.

### AFTER REMAND

GRIFFIN, J. We granted leave in these workers' compensation cases to resolve a conflict among panels of the Court of Appeals concerning the application of *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), reh gtd 414 Mich 1102 (1982), app dis 414 Mich 1102 (1983). Overruling *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973),

we held in *Gusler* that the adjustment provisions of § 355[1] of the Workers' Disability Compensation Act[2] apply only to the maximum, and not to the minimum, weekly rates established in § 351(1)[3] of the act.

Taking into account the reliance on *Jolliff* during an interim of more than eight years, this Court determined that its ruling in *Gusler* should be implemented as follows:

> In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling. [*Id.* at 298.]

The principal issue raised is whether the directed correction of *Jolliff*'s error with respect to "benefits due and not yet paid" after *Gusler* is precluded by the doctrine of res judicata. We conclude that res judicata is not a bar. We further hold that *Gusler* applies to all benefits due or paid after December 30, 1981, the date of our opinion in that case, including benefits paid pursuant to awards entered prior to that date.

I

Before turning to a discussion of the issues, we shall examine the facts and the interrelated procedural history of these cases.

A. *RILEY*

On October 6, 1981, a referee awarded the plain-

[1] MCL 418.355; MSA 17.237(355).
[2] MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.*
[3] MCL 418.351(1); MSA 17.237(351)(1).

tiff compensation of $119 per week on the basis of a rate determined in accordance with *Jolliff.* No appeal was taken. Two months later, this Court decided *Gusler,* and defendant petitioned for a reduction in plaintiff's compensation in accordance with *Gusler,* which the referee granted.

Thereafter, the Workers' Compensation Appeal Board reversed, and its decision was affirmed by the Court of Appeals, but on the ground that this Court's decision in *Gusler* is not binding precedent. The *Riley* panel noted that, after filing and entering its opinion in *Gusler,* this Court granted a motion for rehearing and thereafter dismissed the appeal upon stipulation. It was the conclusion of the *Riley* panel that our *Gusler* opinion had never been "issued" in accordance with then GCR 1963, 866. *Riley v Northland Geriatric Center,* 140 Mich App 72; 362 NW2d 894 (1985).

On appeal, this Court reversed on that point and held that our opinion in *Gusler* became binding precedent when it was filed on December 30, 1981, notwithstanding the subsequent grant of rehearing and dismissal. In addition, we remanded the case to the Court of Appeals for consideration of res judicata and retroactivity issues which had not been addressed in the earlier appeal. *Riley v Northland Geriatric Center,* 425 Mich 668; 391 NW2d 331 (1986).

On remand, the Court of Appeals held that res judicata barred a reduction of plaintiff's benefits. *Riley v Northland Geriatric Center (On Remand),* 160 Mich App 507; 408 NW2d 489 (1987).[4] We then granted leave to appeal. 429 Mich 885 (1987).

## B. *JUNCAJ*

In *Juncaj,* plaintiff was awarded benefits of $79

[4] Riley died after commencement of this action and her son, Melvin King, personal representative of her estate, has been substituted as plaintiff.

per week on the basis of *Jolliff,* and the award was not appealed. Thereafter this Court decided *Gusler,* and defendant's insurer reduced plaintiff's level of benefits. Plaintiff then requested a hearing and argued that res judicata barred such a reduction. The referee denied relief, finding the reduction proper under *Gusler.* On appeal, however, the WCAB reversed, relying on the Court of Appeals decision in *Riley* that *Gusler* is not binding precedent.

After the Court of Appeals denied leave to appeal, defendant applied to this Court, and we ordered the case held in abeyance pending our decision in *Riley.* Once we had decided *Riley,* we remanded the case to the Court of Appeals for consideration of res judicata and retroactivity issues raised by plaintiff. On remand, the *Juncaj* panel held, contrary to the Court of Appeals decision in *Riley (On Remand),* that res judicata is not a bar and that *Gusler* applies to all payments after December 30, 1981, the date of our opinion in that case. *Juncaj v C & H Industries,* 161 Mich App 724; 411 NW2d 839 (1987). We granted plaintiff's application for leave to appeal. 429 Mich 885 (1987).

### C. *MOORE*

On March 26, 1981, a referee awarded plaintiff Moore $108 per week, the rate applicable under *Jolliff.* While defendant's appeal to the WCAB was pending, this Court decided *Gusler,* and the WCAB then granted defendant's motion to reduce plaintiff's benefits in accordance with *Gusler.* However, the Court of Appeals thereafter held in *Riley,* that *Gusler* is not binding precedent. The WCAB then affirmed a decision by the referee which reinstated the original award to plaintiff.

While a second appeal to the Court of Appeals was pending, this Court held in *Riley* that our December 30, 1981, decision in *Gusler* is binding precedent. The Court of Appeals then reversed the WCAB and ordered a reduction in plaintiff's benefit rate in accordance with *Gusler. Moore v Detroit Bd of Ed,* unpublished opinion of the Court of Appeals, decided December 3, 1986 (Docket No. 86579).

On appeal, we remanded the case to the Court of Appeals with instructions to consider whether *Gusler* should be given retroactive effect. Thereafter, the *Moore* panel opined that *Gusler* applies to all payments made after December 30, 1981 (the date of *Gusler*), even though a case may have been decided prior to that date, relying on the implementing language set forth in our *Gusler* opinion. *Moore v Detroit Bd of Ed (On Remand),* 163 Mich App 130; 414 NW2d 160 (1987). After the *Moore* panel certified a conflict with the decision of the *Riley* remand panel, we granted leave to appeal. 429 Mich 885 (1987).

II

In *Riley* and *Juncaj,* plaintiffs point out that their compensation rates were set prior to *Gusler* by decisions that were not appealed, and they argue that any post-*Gusler* reduction in benefits is barred by res judicata.[5]

The applicability of res judicata principles in workers' compensation cases has been recognized. See *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375; 224 NW2d 856 (1975); *Theodore v Packing Materials, Inc,* 396 Mich 152, 158; 240 NW2d 255 (1976); *Gose*

---

[5] In *Moore* there is no res judicata issue, as there has been no final award. *Gusler* was decided by this Court while defendant's appeal to the WCAB was pending.

*v Monroe Auto Equip Co,* 409 Mich 147, 161; 294 NW2d 165 (1980).

Nevertheless, in considering how res judicata is to be applied in that context, we have not overlooked that there is a fundamental difference between the lump-sum judgment in a tort action and the award of continuing weekly benefits in a workers' compensation case. This difference was noted by Justice LEVIN who wrote, concurring, in *Hlady, supra* at 391:

> Workmen's compensation disability benefits, like social security and unemployment compensation benefits, are a form of income maintenance for persons whose wage-earning capacity has been suspended or terminated. A claimant's entitlement to such benefits depends on the circumstances at the time of application and payment.

Res judicata is a judicially created doctrine which reflects appropriate concern for the use of judicial resources and the finality of litigation. However, it is not an inflexible doctrine, and its applicability depends in part upon the legal context in which a determination is made.

In a wide variety of circumstances, an employee's *future* rate of workers' compensation benefits is subject to change. Events in the future may operate to increase or decrease the amount of benefits to which he is entitled. For example, as a consequence of 1980 PA 357, certain employees injured between September 1, 1965, and December 31, 1979, became entitled after January 1, 1982, to receive a supplemental benefit under § 352 to offset increases in the cost of living. Furthermore, if a disabled worker recovers, or later works at a less lucrative job, the amount of his compensation is subject to adjustment, and res judicata is not a bar.

Recently, in *Pike v City of Wyoming,* 431 Mich 589; 433 NW2d 768 (1988), this Court faced a question similar in important respects to the issue presented in the cases now before us. In *Pike,* the amount of plaintiff's award was increased because his wife was conclusively presumed to be a dependent under one provision[6] of the Workers' Disability Compensation Act, and there was no appeal from that determination. Thereafter, this Court declared unconstitutional a similar gender-based presumption for widows under a different provision[7] of the act. The defendant in *Pike* then sought a reduction in the level of plaintiff's benefits, alleging that plaintiff's wife was not in fact dependent. The plaintiff argued that res judicata barred any redetermination of his award. We held that res judicata did not preclude an adjustment in the amount of the employee's benefit:

> Because the amount of an employee's award is never final, res judicata principles do not apply to a change in the amount of benefits the claimant receives. This is consistent with the flexible nature of the workers' compensation system which permits redetermination of the amount of a claimant's benefits. [*Pike,* p 602.]

As in *Pike,* a new determination in these cases made on the basis of *Gusler* would affect only the amount of plaintiffs' benefits and not their eligibility for workers' compensation. As in *Pike,* we conclude that res judicata does not bar a redetermination of the amount of benefits to which plaintiffs are entitled.

Furthermore, we doubt that the Legislature could have intended the unfairness that would

---

[6] MCL 418.353(1)(a)(i); MSA 17.237(353)(1)(a)(i).

[7] MCL 418.331(1)(a); MSA 17.237(331)(1)(a).

result if the position urged by plaintiffs in the
instant cases were to be adopted. Under plaintiffs'
theory, many employees whose *Jolliff*-based rates
were paid voluntarily by their employers before
*Gusler* would be subject to post-*Gusler* reductions,
while other employees whose employers happened
to contest the rate before *Gusler* would not be
affected.

We are satisfied that this Court was conscious of
such considerations when it wrote, "In the interest
of fairness we do not believe our holding should
affect any disability compensation payments al-
ready made. . . . However, *any* benefits due and
not yet paid *or* to be awarded after the date of this
opinion shall be in accord with this ruling." *Gus-
ler, supra* at 298 (emphasis added). Likewise, if the
effect of *Gusler* had been to increase benefits from
and after the date of the opinion, res judicata
would not have precluded plaintiffs from obtaining
the increase.

We conclude that, by directing that its "new
rule" was to apply to any benefits due and not yet
paid, the *Gusler* Court implicitly stated that res
judicata would not preclude adjustment of benefits
after the date of its opinion. In so concluding, we
are in agreement with Justice LEVIN's separate
statement in *Riley,* 425 Mich 690:

> Were this Court to give preclusive effect to a
> prior adjudication that was based on *Jolliff* as to
> payments of workers' compensation benefits after
> *Gusler* it would perpetuate, in the name of a
> judicial doctrine, a judicial error in construing a
> statute that thwarts legislative intent.

Accordingly, we conclude that post-*Gusler* ad-
justment of compensation rates as directed in
*Gusler* is not barred by res judicata.

III

We next consider how the change of law announced in *Gusler* is to be applied in the instant cases.

Sometimes a court which announces a change of law will refrain from going the next step to indicate how its new rule is to be applied. See *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), *Day v W A Foote Memorial Hosp*, 412 Mich 698; 316 NW2d 712 (1982), and *Parker v Highland Park*, 404 Mich 183; 273 NW2d 413 (1978). In such a situation, the prospective-retroactive issue is left for decision in a later case.

In *Gusler*, however, we did not delay that decision. This Court proceeded to provide specific and precise directions concerning the applicability of the "new rule," stating:

> Although our holding is based on what we perceive to have been the intent of the Legislature at the time of enactment of the provisions discussed, in practical effect, given the contrary interpretations of the law by the Director of the Bureau of Workers' Compensation and the bureau's subdivisions, the Workers' Compensation Appeal Board and its hearing referees, and the Court of Appeals, today's holding is not unlike the announcement of a new rule of law. Its application therefore should be treated accordingly. See *Whetro v Awkerman*, 383 Mich 235; 174 NW2d 783 (1970); *Parker v Port Huron Hospital*, 361 Mich 1; 105 NW2d 1 (1960); *Bricker v Green*, 313 Mich 218; 21 NW2d 105 (1946).
>
> In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation

formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling. [*Id.* at 298.]

In *Great Northern R Co v Sunburst Oil & Refining Co,* 287 US 358; 53 S Ct 145; 77 L Ed 360 (1932), the United States Supreme Court made clear that state courts are not precluded by the federal constitution from determining whether their own law-changing decisions should be applied retroactively or prospectively. The Court stated:

> We think the federal constitution has no voice upon the subject. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. . . . On the other hand, it may hold to the ancient dogma that the law declared by its courts had a Platonic or ideal existence before the act of declaration, in which event the discredited declaration will be viewed as if it had never been, and the reconsidered declaration as law from the beginning. . . . The alternative is the same whether the subject of the new decision is common law . . . or statute. . . . The choice for any state may be determined by the juristic philosophy of the judges of her courts, their conceptions of law, its origin and nature. We review not the wisdom of their philosophies, but the legality of their acts. [*Id.* at 364-365.]

Courts have acknowledged that resolution of the retrospective-prospective issue ultimately turns on considerations of fairness and public policy. *Peter-*

*son v Superior Court,* 31 Cal 3d 147, 152; 181 Cal Rptr 784; 624 P2d 1305 (1982). In *Placek v Sterling Heights,* 405 Mich 638, 665; 275 NW2d 511 (1979), reh den 406 Mich 1119 (1979), this Court said:

> This Court has overruled prior precedent many times in the past. In each such instance the Court must take into account the total situation confronting it and seek a just and realistic solution of the problems occasioned by the change.

We believe fairness requires that *Gusler* be applied to workers' compensation awards made after December 30, 1981, the date *Gusler* was decided, and to all benefits due and not yet paid after that date where the award preceded the date of the opinion. Such a holding is fair because it allows employers to reduce their payments in accordance with the Legislature's intent while protecting employees with respect to payments received before *Gusler.*

While fairness is a goal, certain rules or principles have evolved which provide guidance in resolving the retroactive-prospective dilemma. In *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404 (1971), this Court adopted the three-part test set forth in *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965). In *Linkletter* the United States Supreme Court ruled that its decision in *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961) (requiring states to exclude evidence seized in violation of the Fourth Amendment) should not be applied retroactively. In reaching that result, the Court weighed (1) the purpose to be served by the new rule, (2) the

extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice.[8]

Application of the *Linkletter* test, also leads to the conclusion that *Gusler* be applied to awards made after December 30, 1981, and benefits due and not yet paid after December 30, 1981. Under *Linkletter,* we look first to the purpose of the "new rule" laid down in *Gusler.* It was to correct a serious error in the interpretation of a statute under which employees were being paid benefits in excess of the rate intended by the Legislature. We believe this purpose would best be furthered by applying *Gusler* only to payments made after the opinion's date.

Second, we take account of the fact that employees and employers relied for more than eight years on the *Jolliff* holding that minimum as well as maximum rates were adjustable under § 355. *Gusler's* implementing language appropriately recognizes that reliance, and it safeguards employees by not requiring repayment of any portion of benefits received prior to *Gusler.*

Finally, by applying the new rule only to payments after December 30, 1981, *Gusler* was designed to have a minimum effect upon the administration of justice. Cf. *People v Auer,* 393 Mich 667, 677; 227 NW2d 528 (1975), reh den 394 Mich 944 (1975).[9]

In *Riley* and *Moore* plaintiffs claim that by

[8] In a civil case, *Chevron Oil Co v Huson,* 404 US 97, 106-107; 92 S Ct 399; 30 L Ed 2d 296 (1971), the Court applied essentially the same test with the addition of a threshold question: Does the decision clearly establish a new principle of law?

[9] In *Auer,* this Court addressed the retroactivity of the then recently adopted objective test of entrapment. In holding that the new rule was to be prospective, this Court expressed concern about the effect retroactive application would have on the administration of justice, noting that "retrospective application would require in many cases new trials with the tremendous obstacle of reassembling now stale evidence." *Id.* at 677.

citing *Whetro, Parker,* and *Bricker, supra,* the *Gusler* Court indicated an intent that *Gusler* should apply only to cases commenced after December 30, 1981, and to cases pending on that date in the Bureau of Workers' Disability Compensation, the WCAB, or the Court of Appeals in which the minimum rate adjustment issue was raised. Plaintiff in *Juncaj* argues that *Gusler* should apply only to cases in which the injury occurred after December 30, 1981. We are not persuaded that the citations were for that purpose.

In *Whetro,* wherein this Court adopted the "positional risk" rule in workers' compensation cases, we determined that the new rule would apply to claims arising after the date of that decision but would not apply to pending cases other than the case then at bar. Likewise, in *Parker,* this Court held that a new rule abolishing charitable immunity would apply only to that case and to cases arising after the opinion's date. However, in *Bricker,* this Court stated that its law change abrogating imputed negligence was to apply to "pending" as well as to "future" cases.

We believe the *Whetro, Parker,* and *Bricker* decisions were cited to demonstrate that this Court has not always applied the general rule that law changing judicial decisions are to be given complete retroactive effect.[10] Obviously, the three cases did not follow the same pattern. Accordingly, we conclude that the Court's reference to the three cases was for a general purpose and not the specific purpose for which plaintiffs contend.

---

[10] See *Martin v White Pine Copper Co,* 378 Mich 37, 44; 142 NW2d 681 (1966). While this is the general rule for judicial decisions which make a substantive change in preëxisting law, legislative changes in preëxisting law are generally held to be prospective, unless a contrary legislative intent is clearly manifested, or unless the statute is procedural or remedial. *Selk v Detroit Plastic Products,* 419 Mich 1, 9-10; 345 NW2d 184 (1984).

Furthermore, our interpretation is justified and required by the clear and unambiguous implementing language which this Court provided in the concluding paragraph of our *Gusler* opinion. As Justice LEVIN wrote in *Riley, supra,* 425 Mich 688-689:

> There is nothing unfair in applying the rule stated in *Gusler,* which appears to have been reaffirmed today on varying analyses, from and after the date of the announcement of the opinions of the justices in *Gusler.*
>
> The statement in the . . . concluding paragraph of the majority opinion in *Gusler* was surely adequate notice to the workers' compensation department, the WCAB, bench and bar, that *Jolliff* should no longer be followed. . . . It would not be "unfair" to hold in the instant case that, as declared in *Gusler,* "any benefits due and not yet paid or to be awarded after the date of [the *Gusler* opinion] shall be in accord with th[e] ruling" stated in *Gusler* that the minimum rates are not subject to adjustment.

If we were to accept the interpretation urged by plaintiffs, we would effectively nullify that part of the implementing language which states that any benefits due and not yet paid after the date of *Gusler* shall be paid in accord with *Gusler.* Contrary to the argument advanced by plaintiffs, this Court did not limit its holding to cases commenced after December 30, 1981, and to cases pending on that date in the Bureau of Workers' Disability, the WCAB, or an appellate court in which the minimum rate adjustment issue was raised. Rather, *Gusler* clearly stated that its holding "not unlike . . . a new rule of law," was to apply to "*any benefits* due and not yet paid *or* to be

awarded *after the date* [that *Gusler* was decided] . . . ." *Id.* at 298 (emphasis added).[11]

We conclude that the implementing language means what it says, and that payments after December 30, 1981, are to be adjusted in accord with *Gusler,* whether the award was made before or after *Gusler.*

## IV

Although plaintiffs encourage us to reconsider and overturn our decision in *Gusler,* we decline the invitation to do so. We remain convinced that *Gusler* was correctly decided.

## V

In *Riley,* we reverse the judgment of the Court of Appeals. In *Juncaj* and *Moore,* we affirm the judgment of the Court of Appeals.

RILEY, C.J., and LEVIN, J., concurred with GRIFFIN, J.

BRICKLEY, J. *(concurring).*

### A. INTRODUCTION

Concurring in *Pike v City of Wyoming,* 431 Mich 589; 433 NW2d 768 (1988), I expressed the view that the traditional concept of res judicata must be tailored to meet the special needs of income-main-

---

[11] In view of our holding concerning the applicability of *Gusler,* we find no merit in the argument advanced that defendant in *Moore* waived its right to relief because it did not raise the rate adjustment issue prior to December 30, 1981. As noted in n 5, defendant's appeal from the referee's decision in *Moore* was pending before the WCAB when this Court decided *Gusler.* Furthermore, defendant moved promptly after *Gusler* for relief in accordance with its holding. We also note that both the WCAB and the Court of Appeals addressed the rate adjustment issue in *Moore.*

tenance systems such as workers' compensation. Specifically, I proposed a "hybrid" res judicata concept that should be applied when the law governing such systems is changed by judicial decision: The doctrine of res judicata bars relitigation as to "all payments and benefits awarded or denied pursuant to an earlier determination, but only until such time as a subsequent petition based on changed circumstances that would not have been present at the previous litigation is filed and the issues presented are resolved." *Id.,* p 607.

### B. *RILEY* AND *JUNCAJ*

The application of this principle in *Riley* and *Juncaj* is straightforward. In both cases, claimants were awarded and paid minimum benefits in accordance with *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973). Subsequently, *Jolliff* was overruled by *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), and new proceedings were instituted in order to determine whether future benefits should be reduced accordingly. Referees in both cases approved the reduction. Because I believe that the doctrine of res judicata is not a bar under such circumstances, I agree with the lead opinion's conclusion that the referees ruled correctly.

*Gusler* itself supports this result. In the first of two paragraphs addressing the application of *Gusler* to other cases, we noted that *Gusler* was to be treated as a new rule of law. *Id.,* 298. We cited three cases as general authority for the treatment of new rules in other contexts. *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970), *Parker v Port Huron Hosp,* 361 Mich 1; 105 NW2d 1

(1960), and *Bricker v Green,* 313 Mich 218; 21 NW2d 105 (1946). Of these decisions, *Parker* and *Bricker* illustrate the application of new rules in general civil litigation, while *Whetro,* the only workers' compensation case of the three, is illustrative of the prospective effect to be accorded changes which address eligibility or qualification for benefits.

The penultimate paragraph of *Gusler* explains precisely the effect to be given that decision, which affected only the *amount* of benefits to which a claimant is entitled. We held that *Gusler* could not be applied so as to require repayment of payments already made under the *Jolliff* rule, but that payments due but not yet paid should be computed under the *Gusler* standard. *Id.,* 298. Significantly, we did not limit the award of *Gusler* minimum benefits to cases in which awards were made after the date *Gusler* was issued.

A further question raised in *Juncaj,* but not answered below, is whether the employer acted properly in unilaterally reducing the claimant's benefits without prior administrative approval. Given that *Gusler* was correctly decided, *Juncaj* should be remanded to the WCAB in order for it to consider the propriety of the employer's implementation of *Gusler.* Specifically, the WCAB should determine (1) whether the unilateral reduction of benefits by the employer was improper, and, if so, (2) the extent to which the claimant should recover benefits improperly withheld.

C. *MOORE*

Because *Moore* was still pending before the WCAB when *Gusler* was decided, there was no final determination which would trigger a res judicata

analysis.[1] Justice ARCHER would hold that the employer, by waiting until after *Gusler* had been decided to raise the issue before the WCAB, waived its right to contest the future payment of *Jolliff* minimum benefits. I agree, however, with the conclusion reached in Justice GRIFFIN's opinion. Additional evidence submitted by the parties may be considered by the WCAB.[2] While the WCAB is not required to consider the new material, where, as here, it exercises its discretion to do so, the issue has been adequately preserved.[3]

Furthermore, from the perspective of administrative economy, I believe it would be unwise either to require parties to burden administrative decisionmakers with a claim or defense that has not yet been recognized, or to prevent the WCAB from immediately considering a recent judicial decision which by its terms is to be accorded immediate effect.

### D. CONCLUSION

For the foregoing reasons, I concur in the result reached in Justice GRIFFIN's opinion. In addition, I conclude that *Juncaj* should be remanded to the WCAB in order for it to determine (1) whether the unilateral reduction of benefits by the employer was improper, and, if so, (2) the extent to which the claimant should recover benefits improperly withheld.

[1] MCL 418.851; MSA 17.237(851).

[2] MCL 418.859; MSA 17.237(859).

[3] Even if an intervening judicial decision may not technically be "evidence" under § 859, there is no reason to draw a distinction between such a decision and other types of evidence, particularly in light of the informal nature of workers' compensation proceedings. Moreover, even courts, bound by the Michigan Rules of Evidence, may take judicial notice of the common law. MRE 202(a). In workers' compensation proceedings, strict adherence to the Michigan Rules of Evidence is not required. MCL 418.841(6); MSA 17.237(841)(6).

BOYLE, J. (*concurring in part and dissenting in part*). I concur in the majority's holding in *Moore,* but do so for different reasons. In my view, Justice ARCHER has correctly observed that there was no final judgment in *Moore* and therefore the doctrine of res judicata is inapplicable. See 1 Restatement Judgments, 2d, § 24(1), p 196; *Cohen v Home Life Ins Co,* 273 Mich 469, 473; 263 NW 857 (1935). However, unlike Justice ARCHER, I am not persuaded that the defendant waived the challenge regarding minimum benefits by failing to raise it before the hearing referee. It appears that the defendant raised and preserved the benefit rate issue in these proceedings or the proceedings below[1] and that *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), in terms applies to payments made after December 30, 1981. However, it appears that the plaintiff herself failed to raise and preserve the issue of defendant's waiver. I would therefore affirm the decision of the Court of Appeals in *Moore.*

On the other hand, I agree with both Justice ARCHER's reasoning and holding in *Riley* and *Juncaj.* I write separately only to add a few of my own observations as to the course of the majority opinion in these cases.

The majority asserts that the basis of its holding regarding the effect of res judicata in these cases is the continuing nature of an award of workers' compensation disability, or wage loss, benefits. The majority contrasts workers' compensation benefits in this regard with tort or contract damages. In my view, however, as proper analysis of the dependency provision in *Pike v City of Wyoming,* 431 Mich 589; 433 NW2d 768 (1988), illustrates, the continuing nature of these payments is relevant in

---

[1] *Thompson v Continental Motors Corp,* 320 Mich 219, 226; 30 NW2d 844 (1948).

only a few instances, such as a change of physical condition[2] or specific exceptions in the act.[3] These are well-established exceptions to the general rule of res judicata in workers' compensation proceedings repeatedly recognized in the decisions of this Court. See, e.g., *Theodore v Packing Materials, Inc,* 396 Mich 152; 240 NW2d 255 (1976); *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975). Beyond these carefully crafted exceptions, there is no principled distinction between a final tort or contract judgment and a final decision of the bureau[4]— regardless of how many times this dubious principle may be repeated in dissenting or concurring opinions. The nominal distinction upon which the majority has seized is simply the vehicle for this majority's voiding of the accrued and adjudged rights of these workers. Certainly nothing on these facts justifies a departure from the doctrine of res judicata by an ad hoc ruling of this Court.

The majority relies for its result on the concurrence in *Hlady, supra.* In addition to the fact that the majority fails to acknowledge that its reliance on Justice LEVIN's view of res judicata, sub silentio, overrules holdings in *Hlady* and *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980), the majority focuses on Justice LEVIN's view that an intervening change of law eliminates the bar of res judicata as to "a claim for *continuing* disability benefits," *Hlady, supra,* p 385 (emphasis in the original). Because the Legislature has said that changes in facts may *in certain circumstances* permit a change in benefits, the majority

[2] See, e.g., *Hebert v Ford Motor Co,* 285 Mich 607; 281 NW 374 (1938).

[3] See MCL 418.353; MSA 17.237(353).

[4] Indeed, a final order of the bureau is enforceable as a judgment in circuit court. See MCL 418.863; MSA 17.237(863).

concludes that this Court as a matter of its own policy determination can permit relitigation where the *facts* have been finally adjudicated and the new litigation is based on a subsequent change in the law. From this incorrect premise the majority reaches the final result that *Gusler* "implicitly stated" that res judicata would not preclude the reduction of benefits in finally adjudicated unappealed litigation, cases, it must again be emphasized, that do not involve any change in facts. As this Court held in *Hlady, supra,* p 380, "res judicata bars this from happening."

I cannot agree that the language in *Gusler* regarding the prospective application of the decision was intended to implicitly overrule the holding in *Hlady* that res judicata precludes a collateral attack on a claim for continuing benefits with a later change in law. *Hlady* is not even cited in *Gusler,* and two members of the *Hlady* majority joined the *Gusler* result. Indeed, were I to conclude that the broad dictum of the "penultimate" paragraph of *Gusler* could be so construed, *Gusler* would be precedent of the most questionable sort.[5]

For the reasons stated in my dissent in *Pike, supra,* I cannot accept the majority's conclusion that collateral attacks upon the *amount* of compensation, as opposed to *eligibility,* are always permissible. There is neither a theoretical basis for this distinction nor a practical limit to its application. In truth, the majority's conclusion in this case, as well as in the concurring opinion of Justice BRICKLEY[6] and the concurring opinion of Jus-

---

[5] I, of course, take no position in the context of this case, on the substantive ruling of *Gusler* regarding adjusted minimum benefits.

[6] While Justice BRICKLEY nominally endorses a "hybrid" rule of res judicata in workers' compensation proceedings, finality exists only until " 'a subsequent petition based on changed circumstances that would not have been present at the previous litigation is filed . . . .' "

tice LEVIN in *Hlady*,[7] turns the matter of collateral attack on an award of continuing benefits into a question of policy to be decided on an ad hoc basis by four members of this Court. The bench and bar are therefore without guidance as to how this exception will be applied. This case and *Pike* suggest that the refinements of this rule will emerge in the process of finding either that any change in governing law permits reopening of a final award or that some collateral attacks are more fair than others. In either event, the ultimate result is an unwarranted alteration of the doctrine of res judicata in workers' compensation proceedings.

This is nowhere more apparent than in the majority's quotation from Justice LEVIN in *Riley:*

> Were this Court to give preclusive effect to a prior adjudication that was based on *Jolliff* [*v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973)] as to payments of workers' compensation benefits after *Gusler* it would perpetuate, in the name of a judicial doctrine, a judicial error in construing a statute that thwarts legislative intent. [*Riley v Northland Geriatric Center,* 425 Mich 668, 690; 391 NW2d 331 (1986).]

The same could be said about *any* application of

---

[7] In *Hlady, supra,* p 387, Justice LEVIN stated:

The law can be changed by legislative enactment or court decision. When the Legislature amends a statute, its applicability to a case previously adjudicated is not analyzed in terms of res judicata. The issue then is one of statutory construction: did the Legislature intend the amendment to have retroactive as well as prospective application? Where the change is effected by court decision the analysis should be the same, whether as a matter of policy the new rule of law should apply retroactively as well as prospectively.

the doctrine of res judicata involving a prior construction of the Workers' Disability Compensation Act. I would respond that ignoring the doctrine of res judicata results in the summary alteration of benefits for many litigants who have never been given an opportunity to address the issue in any court or administrative proceedings. It is not erroneous to apply the doctrine of res judicata in this instance. To the contrary, an application of this doctrine to preclude a reopening of this litigation is both technically correct and manifestly just.

I therefore dissent in *Riley* and *Juncaj.*

CAVANAGH, J., concurred with BOYLE, J.

ARCHER, J. (*dissenting*). The majority resolves the conflict present in the Court of Appeals application of this Court's decision in *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), by holding that (1) the doctrine of res judicata does not bar relitigation of the plaintiff's minimum weekly benefit rate under § 351(1), and (2) our decision in *Gusler* is retroactively applicable to those parties receiving minimum rate benefits at the time of the decision's release irrespective of their date of injury.

I respectfully dissent and would hold that res judicata bars relitigation of the plaintiffs' minimum benefit levels. I would affirm the decision of the Court of Appeals in *Riley,* while I would reverse its decision in *Juncaj.* Accordingly, I find it unnecessary to address the retroactive application of the *Gusler* decision in these two cases. However, with regard to *Moore,* I would hold that *Gusler* is not retroactively applicable because the defendant waived the § 355 issue by its failure to assert it before the WCAB prior to December 30, 1981, *Gusler's* release date.

I

The doctrine of res judicata bars relitigation of all matters factual and legal, which were either adjudicated or adjudicable at the time of trial:

> The doctrine of res judicata operates to prevent the relitigation of facts and law between the same parties or their privies. The plea of res judicata applies to points previously litigated and decided as well as to points " 'which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' " [*Socialist Workers Party v Secretary of State,* 412 Mich 571, 583-584; 317 NW2d 1 (1982). Citations omitted.]

The lead opinion argues, and I agree, that the doctrine of res judicata is not to be mechanistically applied. However, this Court should be hesitant in deviating from the doctrine where it would serve to reward dilatory parties.

I find the instant case indistinguishable from our decision in *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975). In 1947, Hlady was awarded specific loss benefits for the amputation of four fingers under the predecessor of § 361 of the WDCA, MCL 418.361; MSA 17.237(361). Once the specific loss benefits expired, existing precedent disallowed continuing general disability benefits premised upon a condition deemed "normally resultant" from an amputation. This Court and the WCAB denied plaintiff continuing benefits, finding her postamputation condition did not exceed the "normally resultant" standard. *Hlady v Wolverine Bolt Co,* 325 Mich 23; 37 NW2d 576 (1949). However, in *Van Dorpel v Haven-Busch Co,* 350 Mich 135; 85 NW2d 97 (1957), an evenly divided court found plaintiff's class of recipients were enti-

tled to continuing benefits. Nearly three decades after her original award, *Hlady* again appealed, seeking continuing general disability benefits, apparently in light of *Van Dorpel's* challenge to the "normally resultant" standard. Although the Court adopted the *Van Dorpel* position, we nonetheless denied plaintiff's claim upon res judicata grounds:

> Mary Hlady's physical condition has not changed since her 1945 injury. The only change has been in the law applied to cases of this nature. However, it has long been the law of this state, starting with the leading case of *Jacobson v Miller*, 41 Mich 90; 1 NW 1013 (1879), that the doctrine of res judicata applies not only to facts previously litigated, but also to points of law which were necessarily adjudicated in determining and deciding the subject matter of the litigation.
>
> \* \* \*
>
> Plaintiff may not concede an issue, necessarily determinative of and included in the judgment of this Court, and then, after another has successfully raised the issue she did not wish to contest, ask the Court again for relief. The doctrine of res judicata bars this from happening. Mary Hlady could have as easily raised this issue as Peter Van Dorpel. It was, in fact, incumbent upon her to do so if she wished to avail herself of that interpretation. [393 Mich 376, 380.]

As in *Hlady,* two of the three instant defendants seek to evade res judicata so as to revisit the *same* case and merely apply new law upon an adjudicated issue that was never reserved for appeal. On November 20, 1979, this Court specifically granted leave to appeal upon the issue whether § 355 applied to the minimum as well as maximum weekly rates for total disability as available under § 351 of the WDCA:

The parties are directed to include among the issues to be briefed whether the cost-of-living increases in workers' disability compensation benefits, provided for in MCL 418.355; MSA 17.237(355), apply to the *minimum* as well as the maximum weekly rates for total disability, as set forth in MCL 418.351; MSA 17.237(351)? [*Gusler v Fairview Tubular Products,* 407 Mich 926 (1979).]

Clearly, our published and issue-specific grant of leave to appeal placed the parties on notice as to the viability of challenging § 355's application to minimum-rate benefits. In *Riley,* the Court's order in *Gusler* was issued prior to the plaintiff's original hearing before the hearing referee in 1981,[1] although the defendant neither raised the issue before the hearing referee nor appealed. In *Juncaj,* although the Court's order was not available at the time of the original hearing,[2] the defendant also failed to appeal.

This Court should be hesitant to extend the defendants an additional opportunity to raise this defense. It is not incumbent upon this Court to reward any other party's inaction. Accord *Pike v City of Wyoming,* 431 Mich 589; 433 NW2d 768 (1988) (BOYLE, J., dissenting); *Hackley v Hackley,* 426 Mich 582; 395 NW2d 906 (1986).

A compensation award represents " 'an adjudication as to the condition of the injured workman at the time it is entered.' " *Theodore v Packing Materials, Inc,* 396 Mich 152, 158; 240 NW2d 255 (1976), citing 58 Am Jur [Workmen's Compensation, § 508]. Disability benefits "are a form of income maintenance for persons whose wage-earning capacity has been suspended or terminated. A claimant's entitlement to such benefits depends on the

---

[1] The opinion of the hearing referee was released on October 6, 1981.

[2] The decision of the hearing referee was released on July 19, 1978.

circumstances at the time of application and payment." *Hlady, supra,* 391 (LEVIN, J., concurring).

The requirement that he present all of his available claims in a single proceeding is consistent with this purpose of adjudicating the worker's needs. *The remedial character of the legislation, if affected at all by this rubric, would scarcely be enhanced by a construction which would authorize piecemeal compensation for an injury.* [*Gose v Monroe Auto Equipment Co,* 409 Mich 147, 161-162; 294 NW2d 165 (1980). Emphasis added.]

I find our rationale in *Gose* equally calls for employers to timely submit all available defenses. Therefore, I would hold that the plaintiffs should not be subjected to the relitigation of their minimum benefit rates and should enjoy the finality res judicata affords.

## II

However, in *Moore,* I agree with the defendants that the doctrine of res judicata is inapplicable. In *Moore,* the defendant had an appeal pending before the WCAB at the time that our decision in *Gusler* was released. Because this appeal was timely filed, there is no question that there was not a final decision upon plaintiff's benefit award. Nonetheless, I find that the defendant's failure to state the § 355 issue with specificity, effectively waived its entitlement to the *Gusler* defense.

In this regard, I would adopt the position advocated by the Court of Appeals in *Riley v Northland Geriatric Center (On Remand),* 160 Mich App 507, 513; 408 NW2d 489 (1987), which states, in pertinent part:

We believe that when our opinion today is read with the above-quoted language of *Gusler,* the net effect is that *Gusler* will apply to all cases com-

menced after December 30, 1981, the date that opinion was issued, and to those cases pending in the Bureau of Workers' Disability Compensation, the WCAB, or an appellate court on December 30, 1981, in which the issue of § 355 reductions was raised.

Defendant argues that it was sufficient that its case was pending before the WCAB at the time the Court's decision was released in *Gusler.* I disagree. I believe the more important question is whether the defendant raised the issue at the time the appeal was filed or at any time prior to the release of the Court's decision on December 30, 1981. The answer to this question is "no." On January 27, 1982, the defendant addressed a letter to the WCAB asking whether its appeal would be dismissed if the defendant reduced its payments in reliance upon *Gusler.* This same letter contained an "amendment to answer," claiming *Gusler* as a defense. Thus, it is obvious that at the time the defendant had raised its appeal, it did not raise the minimum benefit levels addressed in *Gusler.* Therefore, I would hold that the defendant's failure to specifically raise the § 355 issue does not entitle it to raise the defense at this date.

III

Accordingly, I would affirm the decision of the Court of Appeals in *Riley.* However, I would reverse its decisions in *Juncaj* and *Moore,* and affirm the decisions of the Workers' Compensation Appeal Board.