603 N.W.2d 248 (1999)
ALLIANCE FOR the MENTALLY ILL OF MICHIGAN, a/k/a AMI, Dorothy H., L., N., D.F., Barbara B., individually and as Next Friend for her minor son, B., Karen R., individually and as Next Friend for her minor son, B.R., Donna W., individually and as Next Friend for her minor son, I.W., K.S., individually and as Next Friend for her minor son, A., Rickie J., individually and as Next Friend for her minor son, J.B., George White, Beverly Coleman, Mary Cavanagh, John Clemons, Sylvester Austin, and Darletha Daniels, on behalf of themselves and other similarly situated persons, Plaintiffs-Appellants, and
Michigan Protection and Advocacy Service, Inc., et. al., Plaintiffs-Intervenors/Appellants,
v.
STATE of Michigan, DEPARTMENT OF COMMUNITY HEALTH, James K. Haveman, Jr., William Allen, William McShane and Diana Censoni, Defendants-Appellees.
Docket No. 113866, COA No. 206237.
Supreme Court of Michigan.
December 21, 1999.

ORDER
On order of the Court, the application for leave to appeal from the September 25, 1998 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., concurs and states as follows:
In this case, the Court of Appeals considered the proper interpretation of Const. 1963, art. 8, § 8, which provides as follows:

*249 Institutions, programs and services for the care, treatment, education or rehabilitation of those inhabitants who are physically, mentally or otherwise seriously disabled shall always be fostered and supported.
The narrow question presented to the Court of Appeals was whether the term "institutions" in the above constitutional provision "refers to institutions in general, including both public and private institutions, or whether the term refers only to public institutions." 231 Mich.App. 647, 657, 588 N.W.2d 133 (1998). The Court of Appeals examined the plain language of the constitutional provision and concluded that the term "institutions" encompasses both public and private institutions.
There is no qualifying language in the constitutional provision that suggests that the term refers only to public institutions, and nothing in the usual and ordinary meaning of the term, as discerned from dictionary definition, requires such a result. [Id.]
The Court of Appeals also relied upon the decision in City of Livonia v. DSS, 423 Mich. 466, 495-496, 378 N.W.2d 402 (1985), where this Court held that legislation exempting state-licensed but privately owned adult foster care facilities from municipal zoning ordinances specifically furthers the goals of Const. 1963, art. 8, § 8.
The dissent argues that the Court of Appeals ruling should be reviewed because it "raises public policy concerns about the role of government and the necessity of supporting mental health services," and because the ruling "questions the role of the judiciary, as contrasted with the proper roles of both the executive and legislative branches of government." However, the proper "role of the judiciary" is not the resolution of "public policy concerns" regarding how mental health services should be provided to the public. Such questions are properly left to the representative branches of our government especially in light of the clear language contained in Const. 1963, art. 8, § 8. I am satisfied that the Court of Appeals here properly exercised the "role of the judiciary" and would therefore deny leave to appeal.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant leave to appeal. This case is jurisprudentially significant in several respects. It involves public institutions and the proper construction of a provision of the Michigan Constitution. The first issue is whether our constitution's use of the term "institution" includes both public and private institutions, a matter of first impression for this Court. In addition, the case raises public policy[1] concerns about the role of government and the necessity of supporting mental health services. Appellant asserts that the Court of Appeals ignored the trial court's factual determination that the state is failing to comply with its constitutional obligation.
Moreover, this case questions the role of the judiciary, as contrasted with the proper roles of both the executive and legislative branches of government. See Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).
Because of the foregoing, we should not summarily refuse this case. I would grant *250 leave so that the important issues involved can be thoroughly explored.
MICHAEL F. CAVANAGH, J., joins in the statement of MARILYN J. KELLY, J.
NOTES
[1] I respectfully disagree with Justice MARKMAN's suggestion that public policy concerns are not to be addressed by the judiciary. The statement that public policy is properly left to the representative branches is a platitude. There will always be circumstances where the Legislature or the executive has failed to govern. When such arise, it is often appropriate for the judiciary to interpret public policy. In fact, this Court interpreted public policy last year when it dealt with the fireman's rule in Roberts v. Vaughn, 459 Mich. 282, 587 N.W.2d 249 (1998). See also Michigan Educational Employees Mut. Ins. Co. v. Morris, 460 Mich. 180, 190, 596 N.W.2d 142 (1999), where, this year, we stated that "`Courts have acknowledged that resolution of the ... issue ultimately turns on considerations of fairness and public policy.'" Id., quoting Riley v. Northland Geriatric Ctr. (After Remand), 431 Mich. 632, 644, 433 N.W.2d 787 (1988).